N. K. FAIRBANK & CO. v. CINCINNATI, N. O. & T. P. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. October 26, 1892.)

No. 50.

1. FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP—DISTRICT OF RESIDENCE.
     Under Act Cong. Aug. 13, 1888, (25 St. at Large, p. 434,) which declares that no civil suit shall be brought in the circuit court in any district except that in which the defendant resides, "but, when the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either

the plaintiff or the defendant," a suit between corporations organized in different states may be brought in the district in which the plaintiff is incorporated.

2. ACTIONS AGAINST CORPORATIONS—SERVICE OF SUMMONS—AGENTS.

Under Rev. St. Ill. 1891, c. 110, § 5, which provides that in suits against corporations, in the absence of the president, summons may be served on any agent of the company found in the county, does not authorize service of summons against a foreign railroad company upon persons employed by such company for the sole purpose of soliciting business for the company, without authority to sell tickets or make contracts for the company, even though such company supplies them with desk room in an office occupied in part by other companies, upon the window of which office the company's name is painted. Woods, J., dissenting.

3. PRACTICE—OBJECTIONS TO SERVICE OF SUMMONS—WAIVER.

Where a defendant appears specially for the purpose of moving to quash the return on the summons, the fact that, in such motion, it also prays judgment whether it should be compelled to plead, for the reason that it is a nonresident corporation, does not constitute a waiver of the objection to the service. Woods, J., dissenting.

Error to the Circuit Court of the United States for the Northern District of Illinois.

Assumpsit by N. K. Fairbank & Co., a corporation, against the Cincinnati, New Orleans & Texas Pacific Railway Company. The case was dismissed on defendant's motion. Plaintiff brings error. Modified.

Oliver & Showalter, for plaintiff in error.

Geo. W. Stanford and C. S. Harmon, for defendant in error.

Before HARLAN, Circuit Justice, and GRESHAM and WOODS, Circuit Judges.

GRESHAM, Circuit Judge. This action was brought by N. K. Fairbank & Co., a corporation organized under the laws of Illinois, in the district of its residence, against the Cincinnati, New Orleans & Texas Pacific Railway Company, an Ohio corporation, owning and operating a line of railway extending from Cincinnati, in the last-named state, to Chattanooga, in the state of Tennessee, to recover the value of a car load or more of cotton oil which was lost by the defendant, while in its possession as a common carrier. The first summons was returned, not served, by order of the plaintiff, and an alias writ was issued, which the marshal returned:

"Served by delivering a copy to C. S. Henry, northwestern agent of defendant, November 15, 1890; the president of defendant not being found in this district."

On December 16, 1890, the defendant, by its counsel, made the following motion:

"The Cincinnati, New Orleans & Texas Pacific Railway Company, named defendant in the above-entitled cause, appears specially for the purpose herein set forth, and for no other purpose, and hereby moves the court to set aside the return of the marshal upon the summons issued in said cause, for the reason that said return is untrue in fact, and to disregard it for the reason that it is insufficient in law, and hereby prays the judgment of this court whether it should be compelled to appear herein, or plead to the declaration filed herein, for the reason that it has not been served with process herein,

and is not compellable to appear or plead to the said declaration, and has not accepted, and does not accept, service herein, nor waive due service of process upon it, and for the further reason that the defendant is not doing business in said district, nor within the state of Illinois, and was not found within said district, or within the state of Illinois, and because said defendant is a nonresident corporation."

This motion remained pending until February 15, 1892, when the plaintiff caused a pluries summons to issue, which was returned by the marshal:

"Served on the 15th of February inst. by delivering true copies to Hartwell Osborn, general agent of defendant, and W. K. Northam, contracting agent of the defendant; the president of the defendant not being found in this district."

A motion was made to quash this return for the same reasons assigned against the validity of the other return, and both motions were heard at the same time.

It appeared from the evidence, (affidavits in support of and against the motions,) and the circuit court found, that the persons mentioned in the returns were employed by the defendant, at the time of the alleged service of the writs, for the sole purpose of diverting freight and passengers destined south to such railroads leading out of Chicago as had running connections with the defendant's line at Cincinnati; that they had no authority to sell tickets, or make contracts or rates, for the transportation of freight or passengers over the defendant's road; that, to better enable them to thus serve the defendant, it supplied them, at its own expense, with desks in a room in Chicago which was occupied in part by employes of other railroad companies, and that when the suit was commenced, and the process served, as stated, the defendant's principal office was in the state of Ohio, and it had no office, and owned no railroad or other property, in Illinois. Judgment was entered, quashing both returns, and dismissing the suit, for want of jurisdiction, and this writ of error was prosecuted by the plaintiff.

The action was brought by an Illinois corporation, in the district of its residence, against an Ohio corporation, to recover a sum of money in excess of $2,000. The jurisdiction of the court over the subject-matter was clear, and the suit was properly brought. The act of August 13, 1888, (25 St. p. 434,) declares that no civil suit shall be brought in any circuit court of the United States against any person in any other district than that whereof he is an inhabitant; "but, when the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." It is now settled that, when the jurisdiction is founded solely upon the fact that the parties are citizens of different states, the suit may be brought in the district in which either the plaintiff or the defendant resides. Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. Rep. 982; Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. Rep. 935.

Was the service on the persons named in the returns binding upon the defendant? Section 5 of the Illinois practice act (Rev. St. 1874) provides that, in all cases where suit is brought against any

incorporated company, process shall be served upon the president, if he resides in the county, and if absent from, or he does not reside in, it, the summons shall be served by leaving a copy thereof with any clerk, cashier, secretary, engineer, conductor, or any agent of the company found in the county. In Railway Co. v. McDermid, 91 Ill. 170, it was held that this section embraced foreign corporations having property in Illinois, and doing business in the state by local agents, and that such corporations might be brought into court by the service of process on such agents. In Railroad Co. v. Crane, 102 Ill. 249, it was held that a railroad company organized under the laws of Missouri, with its office and principal place of business and its tracks in that state, but running trains regularly over the bridge across the Mississippi river at Quincy, Ill., where it had a local agent authorized to make contracts for the transportation of freight and passengers, could be sued in Illinois, and brought into court by the service of process on such local agent. In their facts, these cases are widely different from the one now before this court. The defendant had no agent or other representative in Illinois, authorized to bind it by any kind of contract. It had no property or officer, and no office for the transaction of business, in the state. The room occupied in part by the persons mentioned in the marshal's returns was not an office, and those persons were mere solicitors of business, and not officers or agents of the defendant, within the meaning of the statute. In Construction Co. v. Fitzgerald, 137 U. S. 98, 11 Sup. Ct. Rep. 36, the court, speaking by the chief justice, said:

"Where a foreign corporation is not doing business in a state, and the president or any officer is not there transacting business for the corporation, and representing it in the state, it cannot be said that the corporation is within the state, so that service can be made upon it."

It was urged by the plaintiff that, in praying the judgment of the court whether it should be compelled to plead, the defendant appeared to the action, and waived its right to object to the returns of service, if they were invalid. This position is untenable. The motion was that the returns be set aside because they were untrue in fact, and therefore did not oblige the defendant to plead. The appearance was solely for the purpose of making that motion. It was the validity of the returns, and not the jurisdiction of the court over the subject-matter of the suit, that was challenged. The court was not asked to dismiss the suit for want of jurisdiction, or for any other reason. The motion simply stated the reasons why the defendant had not been made subject to the court's jurisdiction, and prayed judgment whether or not, on the facts stated, it was bound to plead to the merits. The judgment of the circuit court quashing the service of the process is affirmed, and so much of it as dismissed the action for want of jurisdiction is reversed.

WOODS, Circuit Judge, (dissenting.) The marshal's returns show service—first, upon "C. S. Henry, northwestern agent of the defendant company;" and, second, upon "Hartwell Osborn, general agent of said company, and M. K. Northam, contracting agent of said company." According to the defendant's showing, Henry's "authority

was limited to conveying information concerning existing rates and facilities for handling business received from other lines, possessed by said defendant;" and, "to aid said Henry in said soliciting, he was provided with desk room in an office of another railway company in Chicago, the expense whereof, as well as the compensation of said Henry, was paid by this defendant and other railroad companies in the south for whom said Henry likewise solicited." The same showing is made in respect to Osborn and Northam, on whom the second service was made; and, in addition, the affidavit of Miller, the traffic manager of the company, states that they "are employed by defendant, in affiant's department of said city of Chicago, for the purpose of influencing shippers, * * * and that the office expenses and compensation of said Osborn and Northam are paid by defendant, and other railway companies for whom they solicited business." According to the showing made in behalf of the plaintiff, the office occupied by the defendant's agents was one third of a room 25 by 80 feet in size, on a level with the street, at 193 Clark street, the rental value of which was about $7,000 per annum. The portion occupied by the defendant's agents was inclosed by railings and counters, so as to form a business place devoted exclusively to the occupant thereof; and the office so described was leased for the purposes aforesaid, and was occupied by the defendant company as of right, and not by license of any other railway company. These things, though stated in part upon information, are not denied. It is further shown that on the south window, on Clark street, appeared the initials of the defendant's name, in large letters, and in the room, over the railing and counter, besides the initials of the company, the names "H. A. Cherrier, Northwestern Passenger Agent," "Hartwell Osborn, General Agent," and "M. K. Northam, Contracting Freight Agent," were displayed. This, it is to be presumed, was done with the knowledge and consent of the company. Other undisputed circumstances of like significance are shown.

The defendant, being a business corporation, could have in its employ only business agents. It had an office in Chicago, for the use of which it made contracts, for any breach of which it was liable to be sued. It put into that office agents who, besides the appearance of general authority with which they were clothed, doubtless had power to contract for office supplies. On those contracts the company was liable. If these agents had committed waste upon the leased premises, the company would have been liable to an action therefor. These agents were authorized to convey information concerning defendant's existing rates and facilities. If, upon information so conveyed, a shipper was induced to forward freights, the defendant was bound to receive and carry the same at a rate not exceeding that stated by the agent. If these agents made false representations in respect to defendant's facilities or rates, to a shipper's injury, the defendant was liable to an action on that account. By the Illinois statute, service may be had upon an incorporated company, in the absence of the president from the county, upon "any clerk, cashier, secretary, engineer, conductor, or any agent of the company found in the county." In Insurance Co. v. Warner, 28 Ill. 429, it was held that a similar statute, being remedial, "should be

most liberally construed." Under this statute it is, as it seems to me, entirely immaterial whether the agent had authority to make contracts. "Any clerk, \* \* \* engineer, \* \* \* or any agent," are expressions too comprehensive to admit of such limitation. The doctrine is familiar that, when a foreign corporation comes into a state, it submits itself, in respect to the service of process and the jurisdiction of the courts, to the law of the state. This company saw fit to extend the department of its traffic manager into this state, and to establish a permanent agency of that department in the city of Chicago. It ought, therefore, to be liable to suit, and to the service of process, here.

If the defendant were a domestic corporation, with its principal office at Cairo, and its lines of road extending from that point southward, this agency, I doubt not, would be deemed sufficient to warrant service in Cook county; and it is none the less so because the defendant is a nonresident—the plaintiff being a resident—of the state. The quotation from Construction Co. v. Fitzgerald, 137 U. S. 98, 11 Sup. Ct. Rep. 36, justifies this service, because these agents were here "transacting business for the corporation, and representing it in the state." The case is essentially the same as Block v. Railroad Co., 21 Fed. Rep. 529, in which the service was held good. The court below did not pass upon the validity of the service, but held that the defendant was not an inhabitant of Illinois, in the sense of the decision of Justice Harlan in U. S. v. Southern Pac. R. Co., 49 Fed. Rep. 297, and "could not, therefore, be legally served with process." Upon that view of the case, there was nothing to do but dismiss the suit; and accordingly, as the bill of exceptions shows, "plaintiff, by counsel, expressly conceded that the dismissal of the suit was appropriate to said rulings of the court." By that concession, therefore, the right of appeal was not waived.

The last ground of the defendant's motion to set aside the service of process was "because said defendant is a nonresident corporation." The meaning of that is that, no matter what service, or upon what agents, service of process may have been had, the defendant, being a nonresident corporation, was not subject to process or suable in the state; and so the court held, and dismissed the suit. It is contended, and I am inclined to the opinion, that, by invoking the judgment of the court upon that question, the defendant waived all objections to the particular service of process made upon it. See Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. Rep. 982; Jones v. Andrews, 10 Wall. 327; Carlisle v. Weston, 21 Pick. 537. But, upon the view that the service returned is good, the question of waiver is unimportant.