EVANSVILLE COURIER CO. v. UNITED PRESS.

(Circuit Court, D. Indiana. July 2, 1896.)

No. 9,315.

SERVICES OF PROCESS—CORPORATIONS—AGENTS—INDIANA STATUTE.

A New York corporation, engaged in the collection and distribution of news, and which has no officers or place of business in Indiana, cannot be subjected to the jurisdiction of a court within the latter state by service of process either upon a person who occasionally forwards news to it, at so much a word, having no other connection with the corporation, or upon the general manager in Indiana of a telegraph company, from which the corporation rents wires for the transmission of news; neither of such persons being a general or special agent of the corporation, within the Indiana statute (1 Burns' Rev. St. 1894, § 318; Rev. St. 1881, § 316).

Baker & Daniels and Frank B. Burke, for complainant.
Chambers, Pickens & Moores, for defendant.

BAKER, District Judge. This suit was brought by the Evansvills Courier Company, a corporation organized under the laws of the state of Indiana, and a citizen thereof, against the United Press, a corporation organized under the laws of the state of New York, and a citizen thereof, to enjoin the defendant from withholding performance of a contract entered into for the transmission of daily telegraphic news reports by the defendant to the plaintiff. The subpœna in chancery was returned by the marshal served as follows:

"I received this writ at Indianapolis, in said district, at 5:30 o'clock p. m., February 4, 1896, and served the same as follows: By reading to and in the hearing of, and by delivering a copy to, John F. Wallick, superintendent of the Western Union Telegraph, agent of defendant, February 4, 1896, and to T. G. M. Fisher, agent of the defendant, the United Press. February 5, 1896, both at Indianapolis; no higher officer of the defendant being found in the district."

The defendant entered a special appearance, and filed a plea in abatement, alleging, in substance, that neither of the persons upon whom the process was served was at the time of service, or at any other time, an agent of the defendant, and further alleging that the contract mentioned in the bill of complaint was made and entered into by the defendant in the city and state of New York, at its principal place of business in said city, and not in the state of Indiana, nor with any agent of the defendant in said state, and "that the defendant's principal office is located in the city and state of New York, where it has had long before this suit was brought, among its other officers, a president, secretary, and treasurer, a principal office and place of business and residence." The evidence, which was taken by a master, shows that the defendant was and is a corporation organized under the laws of the state of New York, having its officers and

principal place of business in the city of New York. It has no office in the state of Indiana, and no officer or agent therein. The only relation which John F. Wallick holds in respect of the defendant grows out of the fact that he is the general manager of the Western Union Telegraph Company in this state, and that the defendant has leased the use of one or more telegraph wires from the telegraph company for the transmission of news. Wallick, as manager of the telegraph company, is charged with the duty of keeping such wires in repair, and of seeing that the terms of the contract of lease are mutually performed by the parties thereto. He has no power or authority to make any contract for the defendant, or to represent it in any business which the defendant is authorized to transact. Mr. Fisher is an employé of the Sun Publishing Company of Indianapolis, and his relation to the defendant is that of gathering and sending news items to it. His business is to look out for news items of general interest in Indianapolis and throughout the state, and, if he obtains any which he considers of sufficient importance, he would send it over the United Press wire to Chicago; and, for such news as he furnished, he received three-sevenths of a cent a word. He receives no salary or pay except as above stated, and he has no authority to act for the defendant in any other way than to collect and transmit such news as he deems to be of sufficient importance to justify it. Mr. Walter P. Phillips, the secretary and treasurer of the United Press, testifies that Mr. Fisher is not in the employ of the defendant in any capacity; that he is not carried upon its pay roll, and has no authority to collect money or to do anything whatever for the defendant,—and that he does not collect money or do anything whatsoever as agent for the United Press; that he occasionally furnishes news items to the defendant, for which he is paid by the item. If he furnishes no news, he gets no pay. He is free to sell his news to anybody who will buy it, and the defendant has no exclusive claim upon him or it.

The jurisdiction of the court over the subject-matter is undoubted, and the suit is properly brought here. The act of March 3, 1887, as amended by the act of August 13, 1888 (25 Stat. 433, 434), provides that no civil suit shall be brought in any circuit court of the United States against any person in any other district than that whereof he is an inhabitant: "but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or defendant." It is now settled that when the jurisdiction, as in this case, is founded solely upon the fact that the parties are citizens of different states, the suit may be brought in the district of which either party is a citizen. Machine Co. v. Walthers, 134 U. S. 41, 43, 10 Sup. Ct. 485; Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935; Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44; In re Keasbey & Mattison Co., 160 U. S. 221, 229, 16 Sup. Ct. 273.

Was the service upon the persons named in the return sufficient to give the court jurisdiction over the defendant?

1 Burns' Rev. St. Ind. 1894, p. 102, § 318 (Rev. St. 1881, § 316), provides that.

"The process against either a domestic or foreign corporation may be served on the president, presiding officer, chairman of the board of trustees, or other chief officer, or if its chief officer is not found in the county, then upon its cashier, treasurer, director, secretary, clerk, general or special agent."

In Construction Co. v. Fitzgerald, 137 U. S. 98, 106, 11 Sup. Ct. 36, it is said:·

"Where a foreign corporation is not doing business in a state, and the president or any officer is not there transacting business for the corporation and representing it in the state, it cannot be said that the corporation is within the state, so that service can be made upon it."

In this case the defendant has no office in this state, nor has it any officer or agent transacting business for it, and representing it, within the state. Neither of the persons upon whom the process was served was either an officer or a general or special agent of the United Press at or before the time of such service. The only authority possessed by Fisher was to gather and transmit such news items as he might deem important, and, in doing this, he was not the agent of the defendant. No contract existed creating the relation of principal and agent, binding him, on the one side, to furnish, and the defendant, on the other, to receive, news items. Whether he sent any news items or not was a matter of choice, and not of mutual obligation. N. K. Fairbank & Co. v. Cincinnati, N. O. & T. P. Ry. Co., 9 U. S. App. 212, 4 C. C. A. 403, 54 Fed. 420.

It follows that the return fails to show such service as gives the court jurisdiction, and it must therefore be set aside. Leave is granted to the plaintiff to take such further action as it may be advised.