CHRISTIE et al. v. DAVIS COAL & COKE CO. et al.

(District Court, S. D. New York. February 20, 1899.)

JURISDICTION—SERVICE OF PROCESS—FOREIGN CORPORATION—LOCAL AGENT.
    The Mexico Central Railway Company, a Massachusetts corporation, having its principal office in Boston and its railroad operations in Mexico, had a local agent for many years in New York City, where it maintained continuously a local office, and where a portion of the regular business of the company was conducted by the agent in making rates for through freight, and procuring business contracts. *Held*, that service of process upon the local agent was sufficient to give this court jurisdiction for the purpose of making the corporation a third party defendant, upon a petition on the analogy of the fifty-ninth rule in admiralty.

In Admiralty. Service on foreign corporation.

Convers & Kirlin, for libelants.

Cowen, Wing, Putnam & Burlingham, for petitioner Davis Coal & Coke Co.

Evarts, Choate & Beaman and Tredwell Cleveland, for petitioner Mexican Cent. Ry. Co.

BROWN, District Judge. Upon the petition of the original defendant, the Davis Coal & Coke Company, the Mexican Central Rail-

way Company was brought in as an additional defendant upon the analogy of the fifty-ninth rule of the supreme court in admiralty. The latter company is a Massachusetts corporation. Service of process was made by the marshal upon Mr. Carson, the "Eastern Agent" of that company in this city. A special plea or exception has been interposed to the jurisdiction of the court, on the ground that such service was insufficient, because Mr. Carson was neither an officer, nor a director nor a manager of the company. The plea is accompanied by the affidavit of Mr. Carson, and other affidavits have been submitted in behalf of the petitioners. The papers thus submitted leave no doubt that the principal places of business of the corporation are in Massachusetts, where its main office is situated and where its officers and directors all reside, while its railroad and the property connected therewith are in Mexico. The company, however, has maintained an office in this city with a local Eastern agent for 15 years past, during all which time, with the exception of 1885 and 1890, it has regularly appeared in the City Directory with an office in Broadway or Exchange Place with a named agent or manager. Mr. Carson for several years past has been named as manager at No. 1 Broadway, where the company exhibits a conspicuous sign above and at the side of the entrance, with Mr. Carson's name stated as "Eastern Agent." Letters are also submitted signed by Mr. Carson as Eastern agent during November and December, 1898, headed with the company's name at the same address, and at the "office of the Eastern agent," making rates for freight and treating of the handling of coal and coke at Tampico.

The fact that an office should be thus maintained in this city for 15 years with a person always acting as an agent for the company for business purposes and in the actual transaction of its business, is in my judgment sufficient to authorize the lawful service of process upon this agent, as a true representative and agent of the company here. The company does transact and has long transacted business here; and though the business transacted here by the local agent may be, and probably is, but a minor portion of its whole business, it is evidently a regular part of its business, and not in the least accidental or temporary. The agent here represents the company for the regular transaction of a portion of its business, and that is sufficient under the federal authorities. St. Clair v. Cox, 106 U. S. 350, 359, 1 Sup. Ct. 354; Goldey v. Morning News, 156 U. S. 518, 522, 15 Sup. Ct. 559, and cases there cited; Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526. It would seem to be sufficient also to constitute a "managing agent" within the state law, although that would not be essential here. See Tuchband v. Railroad Co., 115 N. Y. 437, 440, 22 N. E. 360.

Exceptions overruled.