DOE et al. v. SPRINGFIELD BOILER & MFG. CO.

(Circuit Court of Appeals, Ninth Circuit. October 1, 1900.)

No. 602.

1. ADMIRALTY—SERVICE OF PROCESS—FOLLOWING STATE STATUTE.
    Service of monition in admiralty may be made under the provisions of a state statute regulating the mode of service in actions at law and in equity.

2. FOREIGN CORPORATIONS—SERVICE OF PROCESS—CALIFORNIA STATUTE.
    Under Code Civ. Proc. Cal. § 411, which authorizes service of process on foreign corporations "doing business and having a managing or business agent, cashier or secretary within this state," by service on such agent, cashier, or secretary, to render such a service effective, where made on a person as the business agent of a foreign corporation, the corporation must be in fact doing a substantial part of its business within the state, so as to be subject to the statute, and the agent must be one having actual derivative authority bearing a close relation to that of managing agent, cashier, or secretary, and not merely an agency created by construction or implication, contrary to the intention of the parties.

3. SAME—BUSINESS AGENT.
    A broker in San Francisco, at his own solicitation, was furnished prices by a machinery manufacturing corporation of Illinois, and occa-

sionally made a sale of articles made by it, to be delivered on board cars at the factory, adding to the price given him a commission for himself. The company declined to appoint him an agent, and paid him nothing. *Held,* that such transactions did not constitute a doing of business by the corporation in California, nor make such broker its business agent in that state, within the meaning of Code Civ. Proc. § 411, so that service of monition upon him in a suit in admiralty would give the court jurisdiction of the corporation.

Appeal from the Circuit Court of the United States for the Northern District of California.

Appellants are the owners of the steamer Weeott. Appellee is a corporation organized under the laws of Illinois, and engaged in business at Springfield, in that state. W. H. M. Smallman is a commission broker having an office in San Francisco, Cal. The libel in this case was filed by appellants June 5, 1899, to recover damages for alleged defects in certain machinery and boilers purchased by appellants from the appellee under a contract made May 13, 1898. Service of monition was returned as having been made "on W. H. M. Smallman, agent of Springfield Boiler & Mfg. Co.," June 7, 1899. Appellee thereafter specially appeared, and moved to set aside the service upon the ground "that Smallman was not at that time, or at any other time, a managing or business agent of the defendant upon whom such or any service could be made that would be binding upon the corporation." From the affidavits, testimony, and exhibits introduced upon said motion, it appears that in December, 1897, Smallman applied to appellee to become its selling agent; that it declined to appoint him, but agreed to quote him bottom prices on the goods manufactured by it; that in pursuance of this agreement he found several persons, including appellants, who bought goods of appellee at the prices quoted by it, with a commission fixed by Smallman added thereto to compensate him for procuring such buyers; that ever since the beginning of such relationship he has maintained an office in San Francisco, Cal., and carried on in his own name the business of commission broker; that appellee never paid him any salary, nor contributed to the payment of any rent for his office, nor paid him anything except the commissions earned by him in his transactions with it; that he procured from the corporation letter paper containing a lithographed letter head of the "Springfield Boiler & Mfg. Co. Office and Works Nos. 308-330 East Grand Ave., Springfield, Ill."; that he devised an addition which was made thereto, viz. "San Francisco Office, 221 Front St. W. H. M. Smallman, Agent." Concerning these letter heads, Smallman testified: "They were furnished by the company, but I paid for them. I was dealing in the goods of various manufacturers besides the Springfield Company, and in my endeavors to do business used the letter heads of those manufacturers, with additions similar to that on the Springfield paper. * * * I designed the additions to the letter heads myself, and received them from the lithographers at St. Louis, who had the original stone. I paid the lithographers' bill for them." The alleged contract was made May 13, 1898, and is evidenced by two letters, one an offer, the other the acceptance. The offer was written on a sheet with the letter head, as above stated, by Smallman, and addressed to Charles P. Doe, managing owner steamship Weeott. The letter states that for a named sum "this company will build and deliver free on board the railroad cars at Springfield, Illinois, two Scotch marine boilers, as per the following specifications. The boilers will be built for the steamship Weeott, and for use on the waters of the Pacific Ocean. [Then follow the items and specifications.] * * * The boilers will be built, in accordance with the attached blue print, and under the supervision of the United States marine inspector for the Springfield district. This company will guaranty you that they will pass the inspection of the United States marine inspector at San Francisco, and that delivery on the railroad cars, at Springfield, Illinois, will be made in seven weeks from the 5th day of the present month. I have already submitted the blue print of the boilers to the

United States marine inspector at this port, and the same has been fully approved by him. [Then follow terms of payment.] If the foregoing is entirely satisfactory to you, will you have the goodness to admit the receipt of this communication, and favor me with your written instructions to go ahead with the work. * * * Yours, very truly, W. H. M. Smallman." The acceptance is as follows: "May 13. W. H. M. Smallman, Agt. Springfield Boiler Mfg. Co.—Dear Sir: Yours of even date at hand, containing details of boilers for the steamer Weeott. Same are hereby accepted, and you are authorized to proceed with the work. Truly yours, Chas. P. Doe, Mg. Owner." The testimony of Mr. Doe is to the effect that Smallman never informed him that he was acting as a broker, and not as agent, for the Springfield Boiler & Manufacturing Company; that he (Doe) at all times during the negotiations understood that Smallman was the agent of said company; that he never paid Smallman any money on account of said corporation without its order. This substantially presents all the material facts contained in the record. The court granted the motion, and set aside the service. Appellants excepted to this ruling of the court, and then stated that they were satisfied with the service of said monition and citation upon Smallman as the agent of the appellee, and that they proposed to rely thereon, and would "not further prosecute the libel herein except the same be based upon said service." The court thereupon entered a final decree "that the said libel be, and the same is hereby, dismissed for want of prosecution." From these orders and decrees this appeal is taken.

Chas. E. Naylor, for appellants.

Morrison & Cope and Walter G. Holmes, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge

HAWLEY, District Judge, after stating the foregoing facts, delivered the opinion of the court.

Was Smallman a business agent of the appellee, upon whom service could be made that would be binding upon it? Service of monition in admiralty may be made under the provisions of a state statute regulating the mode of service in actions at law and in equity. In re Louisville Underwriters, 134 U. S. 488, 493, 10 Sup. Ct. 587, 33 L. Ed. 991. Section 411 of the Code of Civil Procedure of California provides that "the summons must be served by delivering a copy thereof, as follows: * * * (2) If the suit is against a foreign corporation, or a nonresident joint stock company or association, doing business and having a managing or business agent, cashier, or secretary within this state; to such agent, cashier, or secretary." 2 Hitt. Code Civ. Proc. p. 964. The service of process, under the provisions of this statute, is jurisdictional, and must always be such as to constitute "due process of law." The term "business agent," as used in the statute, does not mean every man who is intrusted with a commission or an employment by a foreign corporation. It does not mean every man who does any kind of business for a corporation. It may be said that every employé of a railroad corporation is in a certain sense an agent of the corporation. But it would be absurd to say that a brakeman employed by a corporation was a business agent upon whom service could be made because he performed some business for the corporation, or that an expressman regularly employed by a manufacturing corporation to deliver machinery to its custom-

ers is an agent upon whom service could be made under the provisions of the statute. The statute was never intended to include under the term "business agent" every person who might incidentally or occasionally transact some business for a foreign corporation. Its meaning must be drawn from the general context of the language used. The business agent mentioned in the statute means one bearing a close relation to the duties of managing agent, cashier, or secretary of the corporation. It must be an agent who is appointed, designated, or authorized to transact and manage one or more distinct branches of business, which may be, and is, conducted and carried on by the corporation within the state where the service is made,— one who stands in the shoes of the corporation in relation to the particular business managed, conducted, and controlled by him for the corporation. To constitute a managing or business agent upon whom service of summons could be made, the agent must be one having in fact a representative capacity and derivative authority, and not one created by construction or implication, contrary to the intention of the parties. Mulhearn v. Publishing Co., 53 N. J. Law, 150, 20 Atl. 760, 11 L. R. A. 101; Mikolas v. Walker, 73 Minn. 305, 307, 76 N. W. 36; Railway Co. v. Hunt, 39 Mich. 470; Kennedy v. Society, 38 Cal. 151, 153; Sterett v. Railway Co., 17 Hun, 316; Reddington v. Mining Co., 19 Hun, 405, 408; Gottschalk Co. v. Distilling Co. (C. C.) 50 Fed. 681, 683; N. K. Fairbank & Co. v. Cincinnati, N. O. & T. P. Ry. Co., 4 C. C. A. 403, 54 Fed. 420, 423, 38 L. R. A. 271; Wall v. Railway Co., 37 C. C. A. 129, 95 Fed. 398, 400; Railway Co. v. Roller, 41 C. C. A. 22, 100 Fed. 738, 741, 49 L. R. A. 77. Smallman was not such an agent. He was a mere solicitor of business, working for a commission, and not an "officer or agent," within the meaning of those terms as used in the statute.

The appellee herein was not under any restriction from selling its machinery in the state of California. It was not required, in order to transact that kind of business, to appoint an agent in California upon whom service could be made. The facts in this case show that the appellee sold its machinery and delivered it in the state of Illinois. It was not engaged in conducting any branch of its business in the state of California. Legal service of process upon a corporation, which will give a court jurisdiction over it, can be made only in the state where it resides by the law of its creation, or in a state in which it is actually doing business at the time of service, in the manner prescribed by the statutes of that state or of the United States. The question as to what kind of business by a foreign corporation within a state will justify a finding that it is engaged in business therein, and validate a service upon its agent, has been very thoroughly and elaborately discussed in the circuit and supreme courts of the United States, and the general consensus of opinion is that the corporation must transact within the state some substantial part of its ordinary business by its officers or agents appointed and selected for that purpose, and that the transaction of an isolated business act is not the carrying on or doing business in a state. U. S. v. American Bell Tel. Co. (C. C.) 29 Fed. 17, 37, et seq.; St. Louis Wire-Mill Co. v.

Consolidated Barb-Wire Co. (C. C.) 32 Fed. 802; Gilchrist v. Railroad Co. (C. C.) 47 Fed. 593; N. K. Fairbank & Co. v. Cincinnati, N. O. & T. P. Ry. Co., 4 C. C. A. 403, 54 Fed. 420, 423, 38 L. R. A. 271; Evansville Courier Co. v. United Press (C. C.) 74 Fed. 918, 920; Swann v. Association (C. C.) 100 Fed. 922, 928; St. Clair v. Cox, 106 U. S. 350, 359, 1 Sup. Ct. 154, 27 L. Ed. 222; Manufacturing Co. v. Ferguson, 113 U. S. 727, 5 Sup. Ct. 739, 28 L. Ed. 1137; Construction Co. v. Fitzgerald, 137 U. S. 98, 106, 11 Sup. Ct. 36, 34 L. Ed. 608; Steamship Co. v. Kane, 170 U. S. 100, 111, 18 Sup. Ct. 526, 42 L. Ed. 964; Insurance Co. v. Spratley, 172 U. S. 602, 610, 19 Sup. Ct. 308, 43 L. Ed. 569; Beard v. Publishing Co., 71 Ala. 60, 62.

In St. Louis Wire-Mill Co. v. Consolidated Barb-Wire Co., supra, Judge Thayer said:

"When it is said that a corporation is engaged in business in a foreign state, and for that reason has voluntarily subjected itself to the operation of the laws of such foreign state regulating the service of process on foreign corporations, reference is plainly had to business operations of the corporation carried on within the state through the medium of agents appointed for that purpose that are continuous, or at least of some duration, and not to business transactions that are merely casual, such as an occasional purchase of goods or material within the foreign state."

In St. Clair v. Cox, supra, Mr. Justice Field, in delivering the opinion of the court, said:

"We are of opinion that when service is made within the state upon an agent of a foreign corporation it is essential, in order to support the jurisdiction of the court to render a personal judgment, that it should appear somewhere in the record, either in the application for the writ or accompanying its service, or in the pleadings or the findings of the court, that the corporation was engaged in business in the state."

In Insurance Co. v. Spratley, supra, the court said:

"In a suit where no property of a corporation is within the state, and the judgment sought is a personal one, it is a material inquiry to ascertain whether the foreign corporation is engaged in doing business within the state (Goldey v. Morning News, 156 U. S. 519, 15 Sup. Ct. 559, 39 L. Ed. 517; Merchants' Mfg. Co. v. Grand Trunk Ry. Co. [C. C.] 13 Fed. 358); and, if so, the service of process must be upon some agent so far representing the corporation in the state that he may properly be held in law an agent to receive such process in behalf of the corporation."

The decree of the district court is affirmed, with costs.