DAILEY et al. v. CITY OF NEW YORK.

(District Court, S. D. New York. December 8, 1902.)

1. ADMIRALTY — BRINGING IN NEW DEFENDANTS — CASES OTHER THAN FOR COLLISION.

The principle of the fifty-ninth admiralty rule, which permits the bringing in of new parties in collision cases on petition of the claimant or respondent, will be applied by analogy in other cases by requiring the appearance of any additional defendant who may be responsible for the claim sued for or a part thereof.

In Admiralty. Suit for salvage. On petition by respondent to bring in new party.

George L. Rives, for the motion.

Alexander & Ash, opposed.

ADAMS, District Judge. This was a libel in personam against the City of New York for salvage alleged to have been rendered to Scow "D" belonging to the City, by the libellants' Tug "Mattie." It appears that the Mattie found the scow adrift in the East River and it is alleged rendered services to her for which the salvage is sought to be recovered. The City alleges by a petition that the scow was cast adrift by the negligence of other parties and asks that process be issued against them and that they be made respondents in the action, under, or by analogy to, the 59th Rule in Admiralty. This is opposed by the libellants upon the ground that the rule is confined to cases of collision and that they should not have their right of action impeded by side issues. It is true that the rule in terms does not provide for other than collision cases, but the principle upon which it is based is applied by analogy in other cases to assist in the administration of justice by requiring the appearance of any additional defendant who may be responsible for the claim or a part thereof. The Alert (D. C.) 40 Fed. 836; The Centurion (D. C.) 57 Fed. 412; Salisbury v. Seventy Thousand Feet of Lumber (D. C.) 68 Fed. 916; In re New York & P. R. S. S. Co., 155 U. S. 523, 15 Sup. Ct. 183, 39 L. Ed. 246; Christie v. Coke Co. (D. C.) 92 Fed. 3; Hastorf v. Supply Co. (D. C.) 110 Fed. 669. It was so applied by this court in a very similar case to the one under consideration. The Public Bath No. 13 (D. C.) 61 Fed. 692.

Motion granted.