INSURANCE CO. OF NORTH AMERICA v. FREDERICK LEYLAND & CO., Limited.

(District Court, E. D. Pennsylvania.   June 16, 1905.)

No. 120.

ADMIRALTY—SERVICE OF PROCESS ON AGENT—FOLLOWING STATE STATUTE.

Service of monition in admiralty may be made on an agent of a nonresident defendant in conformity with a state statute authorizing such mode of service in actions at law or in equity.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 917.]

In Admiralty.   On motion to set aside service of monition.

Francis S. Laws and John F. Lewis, for libelant.

Howard H. Yocum, N. Dubois Miller, and Biddle & Ward, for respondent.

J. B. McPHERSON, District Judge.   This is an action in personam, and the motion to set aside the service of the writ is based upon the averment that there is no statute, or rule of court or practice, authorizing service upon the agent of a nonresident defendant. It seems to have been so decided some years ago in this district, but since that decision the question has been before the Supreme Court of the United States in Re Louisville Underwriters, 134 U. S. 488, 10 Sup. Ct. 587, 33 L. Ed. 991.   In that case a Kentucky corporation filed a libel in personam against the Louisville Underwriters, an insurance company of the same state, in the district court of the United States for the Eastern District of Louisiana, and the citation was served upon an agent of the defendant, who had been appointed in obedience to a statute of Louisiana, which required foreign insurance companies to have an agent in the state upon whom process could be served.   A petition to prohibit the District Court from entertaining jurisdiction of the libel was denied by the Supreme Court of the United States, and Mr. Justice Gray, delivering the opinion of the court, upheld the validity of the service, saying, inter alia:

"In the present case the libelee had, in compliance with the law of Louisiana, appointed an agent at New Orleans upon whom legal process might be served, and the monition was there served upon him.   This would have been a good service in an action at law in any court of the state or of the United States in Louisiana (citing cases).   And no reason has been or can be suggested why it should not be held equally good in admiralty."

The Circuit Court of Appeals for the Ninth Circuit, in Doe v. Springfield Boiler Co., 104 Fed. 684, 44 C. C. A. 128, has made a

similar decision. The facts of that case are identical with the facts now under consideration, for the monition there was served under the section of the California Code of Civil Procedure that provides for the service of a summons upon a foreign corporation or nonresident joint-stock company or association. While the service was set aside upon the ground that the person served was not an agent of the defendant corporation, the Court of Appeals expressly declared that:

"Service of monition in admiralty may be made under the provisions of a state statute regulating the mode of service in actions at law or in equity."

In the present case the service was made in strict accordance with the provisions of the Pennsylvania statute of July 9, 1901 (P. L. 615) § 2, cls. e, g.

The motion to set aside the service is therefore refused.