## GEORGE R. MAYNE *v.* THE STEAMSHIP MAKURA.

### June 5, 1911.

1. *Admiralty—Process—Issuance—Necessity of order for:* To set in motion the service of a libel in admiralty and of a simple monition to appear and answer (without attachment), process may issue as a matter of course without special order of court.

2. *Same—Same—Service upon foreign corporation:* Service of process upon a foreign corporation in the manner prescribed by the laws of the Territory of Hawaii, is valid, in the absence of any special governing provision of Federal statute or practice.

3. *Same—Same—Same—Motion to quash:* Where a motion to quash, together with its supporting affidavit, leaves uncertain facts upon which the motion is based, relief is refused, but with leave to amend.

4. *Foreign corporations—Failure to comply with local laws— Jurisdiction of Federal court:* Failure of a foreign corporation, respondent in an admiralty suit, to comply with local laws requiring such corporations to provide persons upon whom service of process may be made, does not deprive the United States District Court of jurisdiction of that respondent when duly served through its agent. *Spreckels v. The Nevadan,* 1 U. S. Dist. Ct. Haw. 354, followed.

*In Admiralty:* Motions to quash and set aside service.

*Holmes, Stanley & Olson* for the motions.
*Lorrin Andrews* and *George A. Davis,* contra.

CLEMONS, J.   This is a libel against the steamship Ma-

kura and her owner and the Canadian-Australian Royal Mail Steamship Line, wherein the owner and the Canadian-Australian Line, by separate motions, move to quash and to set aside service of summons.

The first ground, common to both motions, is that no order was made or authority given by this court or by any judge thereof for the issue of any process *in personam* directed to or against the movants.

[1] The libel contains the usual prayer for process against the ship and for citation to the libellees and all persons in interest to appear and answer. Whereupon an order was made that process issue against the ship as prayed for, and, also, upon a proper showing it was ordered that the clerk "file suit and issue process" and the marshal serve process without payment of fees or costs.

The court does not agree with the inevitable conclusion of this ground of the motions. While the order may be necessary as to the attachment, *Manro v. Almeida,* 10 Wheat. 473, 496, and as to the remission of costs, we are not ready to hold that for setting in motion the service of a libel and of a simple monition to appear and answer, anything more is necessary than the mere filing of the complaint and payment of costs, or obtaining of an order for their remission. As regards the simple citation to parties in interest, process is commonly issued by the clerk as a matter of course. Benedict, Adm., 4th ed., sec. 342; 1 Enc. Pl. & Pr., 261. See 1 Street, Fed. Eq. Pr., sec. 588. And the rules of this court so contemplate. See rules of May 5, 1902, rule 45, p. 20, and note the *exceptions* to the common practice.

The objection may be disposed of, also, by the fact that the conclusion of the order, providing for the filing of suit and issuance of process, fairly intends the issuance of process as prayed for in the broad prayer of the libel.

[2] The second ground, common to both motions, is that neither the original nor the amended return of process

shows any valid service upon the movants. The original return shows personal service on Mr. T. Clive Davies by handing to and leaving with him certified copies of libel and citation and shows his refusal to accept service on the ground that the firm of Theo. H. Davies & Company, Limited, has no authority to act for or represent either the ship's owner the Union Steamship Company of New Zealand, Limited, or the Canadian-Australian Royal Mail Steamship Line. There was no showing, however, of Mr. Davies' connection with the Davies company. The marshal, with the court's approval, amended his returns to show service upon Mr. Davies, a person in charge of the business and office of the libellees, and a director of the Davies company, their agent.

This manner of service accords with the provisions of the local laws applicable to foreign corporations. Session Laws, Hawaii, 1909, Act 43, sec. 1, p. 53. But it is contended, that the local practice is excluded by Rev. Stat. sec. 914, under which "the practice * * * in civil causes, *other than equity and admiralty causes* * * * shall conform, as near as may be, to the practice" of the local courts of record; and, especially, taken in connection with Rev. Stat. sec. 917, by which the Supreme Court is empowered to prescribe the practice in admiralty suits.

The latter court having prescribed no practice as to service on foreign corporations, this court is free to adopt, even in admiralty, the local practice in civil cases generally. Section 914 in making the local practice the rule in certain cases, cannot be held to have excluded the local practice in other cases for which no special provisions have been made. And in the absence of such special provisions, we approve of the local practice. *Insurance Co. v. Leyland,* 139 Fed. 67, 68; *Doe v. Springfield Boiler & Mfg. Co.,* 104 Fed. 684, 686; *Christie v. Davis Coal & Coke Co.,* 92 Fed. 3; *In re Louisville Underwriters,* 134 U. S. 488, 493. See *Laweliilii v. Hind, Rolph & Co.,* 3 U. S. Dist. Ct. Haw. 184; *Steam Stone Cutter Co. v. Jones,* 13 Fed. 567, 580-581; *Mer-*

*chants' Mfg. Co. v. Grand Trunk Ry. Co.,* 13 Fed. 358, 359-360.

[4]   The contention made in argument, that there was no showing in the return, of compliance of these respondents with the local law, Revised Laws, Hawaii, 1905, sec. 2623, requiring foreign corporations to provide persons upon whom service of process may be made, is disposed of by the ruling in *Spreckels v. The Nevadan,* 1 U. S. Dist. Ct. Haw. 354.

[3]   The motion of the Canadian-Australian Line has the further ground, "that this movant is a foreign corporation and has not now and has not at any time since the institution of the above-entitled cause had any agent whatever within the Territory of Hawaii, and no service of process herein has been made upon movant in any way whatever." In support of this the affidavit of Mr. Davies shows that the Davies company is the agent of the Union Steamship Company and that the latter company operates a line of steamships calling at the port of Honolulu and known as the Canadian-Australian Royal Mail Steamship Line to distinguish it from other lines operated by the Union Steamship Company, and that the advertisements and declarations made or published by the Davies company stating it to be agent of the Canadian-Australian Line refer only to the said line of steamships and not to any company or corporation having the name of "The Canadian-Australian Royal Mail Steamship Line." It being admitted that the Canadian-Australian Line is a corporation (ground 3 of its motion), and from the whole record it not appearing to the satisfaction of the court that this movant is not doing business here, with the person served "in charge" of the business or office, the motion will not now be sustained on this ground, but the Canadian-Australian Line is given leave to file within five days an amended motion and affidavit, in order to remove, if it can, the uncertainty on this point.

Both motions are denied.