## THE CANADIAN FARMER.

(District Court, S. D. California. June 2, 1923.)

No. 1119.

**1. Admiralty ⬤⟞20—Has jurisdiction of suit by stevedore against employer for injuries while working on vessel; "maritime."**

Stevedore's services are "maritime" in nature, and a court of admiralty has jurisdiction of a suit by a stevedore against his employer for injuries received while working on board a vessel.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Maritime.]

**2. Constitutional law ⬤⟞56—Statute limiting jurisdiction of courts of admiralty held unconstitutional.**

The provision of Judicial Code, § 24, subd. 3, as amended by Act June 10, 1922, § 1, purporting to exclude from the jurisdiction of courts of admiralty certain cases where they are within the purview of a state workmen's compensation law, is beyond the power of Congress, under article 3, § 2, of the Constitution.

**3. Admiralty ⬤⟞50—Petition to bring in third party under admiralty rule 56 held insufficient.**

Petition of claimant of a libeled vessel to bring in a third party under admiralty rule 56 (267 Fed. xxi) *held* insufficient, where it failed to show any right of contribution against such third party in case the vessel should be held liable.

**4. Admiralty ⬤⟞50—Word "wholly," in admiralty rule 56, equivalent to "equally."**

The word "wholly," as used in admiralty rule No. 56 (267 Fed. xxi), providing that, in order to have an additional party brought into a proceeding, he must be "partly or wholly liable either to libelant or to

---

such claimant or respondent by way of remedy over," etc. is equivalent to "equally."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Wholly.]

In Admiralty. Suit by John Sheehy against the steamship Canadian Farmer and W. J. Boyd, her master. On exceptions to petition of claimant and Boyd to have the Outer Harbor Dock & Wharf Company made party respondent. Exceptions sustained.

Lorrin Andrews and Howard L. Grace, both of Los Angeles, Cal., for libelant.

Ira S. Lillick, of San Francisco, Cal., for libelee and claimant.

Paul M. Gregg, of San Luis Obispo, Cal., and Howard W. Reynolds and Jerry H. Powell, both of Los Angeles, Cal., for Outer Harbor Dock & Wharf Co.

JAMES, District Judge. Sheehy, the libelant, claims damages because of alleged personal injuries sustained by him while working on the deck of the steamship Canadian Farmer, which was discharging a cargo of lumber at a wharf. He alleges that he was employed by the Outer Harbor Dock & Wharf Company, a corporation, which was in "full custody and control" of the cargo being discharged; that a strap attached' to a guy rope, which was a part of the ship's furnishings and which was in an unsound, unsafe, and rotten condition, and known so to be by the master of the vessel, and which was furnished by the ship, broke, as did also the rope, causing lumber which was being swung over the side of the vessel to fall upon the deck and injure him.

Canadian Government Merchant Marine, Limited, as claimant, and libelee Boyd, master of the steamship, filed a petition asking that the Outer Harbor Dock & Wharf Company be made to interplead herein as a party respondent. In the petition the allegations of the libel are repeated in the substance stated, and petitioners allege that the Dock & Wharf Company is a necessary and proper party and ought to be proceeded against, at the same time denying that the alleged cause of libel is within admiralty jurisdiction. The libelant and the Dock & Wharf Company have filed exceptions to the petition. On behalf of the libelant it is urged that the petitioners do not show that the Dock & Wharf Company have any liability under the charge contained in the libel, or that a cause for contribution against it can be established. The Dock & Wharf Company presents the same objections to the petition, with the additional one that any right of action which the libelant may have as against it is not a subject of admiralty jurisdiction.

[1, 2] In the last-mentioned behalf it is urged that stevedore service is not maritime in its nature. The contrary is the settled rule. Atlantic Transport Co. of W. Va. v. Imbrovek, 234 U. S. 52, 34 Sup. Ct. 733, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157; Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900. Opposing cases are where the facts showed that the stevedore was working on the dock rather than on the ship, as in Swayne v. Barsch, 226 Fed. 581, 141 C. C. A. 337;

Hughes v. Alaska S. S. Co. (D. C.) 287 Fed. 427. The cause was one within admiralty jurisdiction, notwithstanding the amendment to section 24 of the Judicial Code, approved June 10, 1922 (42 Stat. 634), which, referring to the jurisdiction of the District Courts, provides that, where the Workmen's Compensation Law of any state provides for remedies in favor of persons such as libelant alleges he was, those remedies shall be exclusive. It is asserted that the state of California has such a law. Section 2 of article 3 of the Constitution provides that the judicial power of the federal courts "shall extend to * * * all cases of admiralty and maritime jurisdiction."

In so far as section 24 of the Judicial Code, as amended, attempts to leave to the United States courts jurisdiction in certain only of cases cognizable in admiralty, it is unconstitutional. Under the judicial power conferred upon the federal courts by the Constitution it has never been admitted that Congress may divide that jurisdiction, leaving open a portion of the field to be occupied by the states. The Lottawanna, 88 U. S. (21 Wall.) 576, 22 L. Ed. 654; Southern Pacific Co. v. Jensen, 244 U. S. 217, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900; Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 Sup. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145. Concededly Congress has full general power to change the form of remedies, determine procedure, and define and declare the maritime law as it shall be administered in the United States. If it chooses to so define and classify claims as to make some nonmaritime, no doubt its action would be effectual. This is very different from leaving a class of claims within the maritime field, and providing that sometimes the District Courts may take jurisdiction and sometimes not, dependent upon whether the states in which the districts are located have provided other remedies.

[3, 4] Under admiralty rule 56, adopted by the Supreme Court (267 Fed. xxi), in order to have an additional party brought in, it must be made to appear that such additional party will be liable to respond to the petitioner in the event that the latter is held for damages. Where the rule states that a party may be brought in "who may be partly or wholly liable either to the libelant or to such claimant or respondent by way of remedy over, contribution or otherwise, growing out of the same matter," the word "wholly" to my mind is to be construed as the equivalent of "equally." The rule specifies that the petition to bring in other parties shall contain suitable allegations showing the liability of such parties "and the particulars thereof." This means, as I comprehend it, that in support of such a petition it must be made to appear that, assuming some liability may be fastened upon the petitioner as a result of the proceeding, the party sought to be brought into the case will in turn be liable to respond to the demand of the former. It is not the privilege of a respondent to compel a libelant to litigate in the proceeding a separate and distinct claim that he may have against another not sued by him. It may be admitted that the right of contribution exists as between all tort-feasors, where the tort does not amount to a wrong willfully committed (The Hudson [D. C.] 15 Fed. 162); also that parties having a share in the re-

sponsibility for the wrong may be brought in, notwithstanding that a suit to enforce their liability is not cognizable in admiralty (Evans v. N. Y. & P. S. S. Co. [D. C.] 163 Fed. 405; Dailey et al. v. City of New York [D. C.] 119 Fed. 1005). On behalf of the petitioners here, who disclaim all responsibility for libelant's injuries, it is not asserted that the Dock & Wharf Company, by reason of any relation with the claimant or master, owes the duty to respond in damages.

The exceptions are sustained.