**THE CARDY.**
**LAURO v. PENNSYLVANIA R. CO. et al.**
No. 17392.

District Court, E. D. New York.
July 30, 1945.

Maurice M. Kreis, of New York City, for libelant.

Burlingham, Veeder, Clark & Hupper, of New York City (William S. Stuhr, Jr., of New York City, of counsel), for respondent Pennsylvania R. Co.

KENNEDY, District Judge.

Respondent The Pennsylvania Railroad Company has filed exceptions to the amended libel. This alleges that Jova Brick Works owns the scow JJJ #11, that respondent The Pennsylvania Railroad Company had chartered her, and that she, at the time of the incident now to be mentioned, was carrying cargo owned by respondent United States of America. Libelant says that while he was operating his motor vessel Cardy on September 26, 1944 (the date is erroneous; it should be September 15, 1944), he noticed the scow JJJ #11 "adrift, abandoned, and aground." This happened, libelant says, at 6 a. m. on the day after a hurricane had caused considerable damage in the vicinity. Libelant says he put a line on JJJ #11 and towed her for about a mile until he could deliver her to the tug McAllister Bros. He now claims a salvage award.

The exceptions of respondent The Pennsylvania Railroad Company are based upon the fact that the only reference

in the libel to the moving respondent is in the third article, where it is asserted that The Pennsylvania Railroad Company is organized under the laws of the State of Pennsylvania and was the charterer of JJJ#11. It is urged in support of the exceptions that, by ordinary, salvors should proceed in rem, and that while proceedings in personam are permissible, there must be some clear factual basis, in the case of a charterer, for the liability alleged. I should think on principle that this would be so.

But libelant urges in its memorandum that because a charterer is the owner pro hac vice he makes himself liable for salvage, citing The Junior, D.C., E.D.N.Y. 1921, 270 F. 983, reversed on other grounds 2 Cir., 1922, 279 F. 407. In The Junior, which arose in this District, the scow saved was owned by L. Boyer's Sons Company. She was under charter to McNeill Lighterage Company, and under sub-charter to National Lead Company. She broke adrift and was towed into the bulkhead by the tug Ticeline. Soon afterward a tug owned by National Lead Company, sub-charterer, and another tug operated by the scow's owners, came upon the scene and began to pump water out of her hold. Later, a tug owned by the charterer (McNeill Lighterage Company) also appeared upon the scene and rendered services to The Junior. Judge Chatfield held that the Ticeline, libelant, was entitled to an award in rem. He held that the sub-charterer, National Lead Company, could not sustain a claim for salvage services, and that the only claim which the charterer could assert was against the sub-charterer. In other words, the case, as decided by the District Court, seems to stand for the principle that salvage awards cannot be made where the services are rendered by persons already under a duty to the vessel saved. On appeal the decree was reversed, the Circuit Court of Appeals holding that damages should be divided between the sub-charterer and the owner because both were at fault. Nothing was said in the Circuit Court of Appeals on the subject of salvage. I do not regard the decision as controlling, or even as helpful, so far as the case at bar is concerned.

In The Public Bath No. 13, D.C., S.D.N. Y.1894, 61 F. 692, Judge Brown held that a bailee is liable for salvage to the owner, under circumstances where the vessel broke adrift as the result of the bailee's negligence. In that case he authorized a decree directly against the bailee, suspending the proceedings against the owner until the outcome of an execution against the bailee. In Dailey v. City of New York, D.C., S.D. N.Y.1902, 119 F. 1005, the owner, in a suit for salvage, was permitted to bring in parties who, it was claimed, negligently caused the vessel to break adrift. But my attention has not been drawn to any case where a party has been held liable for salvage services merely because he was the charterer.

True enough, a charterer might be liable over to an owner for a salvage award. But I should think that he could not be held liable directly by the salvor except upon the basis of special circumstances, for instance, because he had requested the salvage services.

There is no suggestion in the libel that the charter party rendered The Pennsylvania Railroad Company liable over to the owner for salvage services. But even if this was the arrangement, then I should think that proper procedure would require that the owner alone, and not the libelant, could insist that The Pennsylvania Railroad Company (the charterer) be made a party to the litigation.

It is suggested in the briefs submitted in behalf of The Pennsylvania Railroad Company that under the circumstances at bar a libel in personam will not lie even against the owner, although it might against the respondent United States. These questions are not before me.

I sustain the exceptions. Settle order on notice.