MORITZ MIKOLAS v. HIRAM WALKER & SONS.

July 13, 1898.

Nos. 11,184—(241).

**Service of Summons on Agent—Finding Sustained by Evidence.**
On a motion to set aside an attempted service upon a foreign corporation by serving the summons on its "agent," *held*, that the evidence justified the court in finding that the person upon whom the service was made was not in fact the defendant's agent.

**Same—Foreign Corporation—What Constitutes an Agent.**
To constitute a person an agent of a foreign corporation, upon whom service of the summons may be made, he must be one actually appointed by and representing the corporation, and not one created by mere construction or implication, contrary to the intention of the parties.

Action in the district court for Hennepin county to recover $4,500 for falsely and maliciously accusing plaintiff of having counterfeited defendant's trademark. From an order, Smith, J., setting aside the service of the summons, plaintiff appealed. Affirmed.

A part of defendant's affidavit in support of the motion to set aside the service was as follows:

"The said Weil was not, and is not now, and never was, an agent of the defendant within the meaning of the statutes of the state of Minnesota, upon whom such service could be made so as to bind this defendant; that said Weil has not, and never has had, any authority to accept or receive service of any process for or on behalf of said defendant corporation, and has not, and never has had, any authority to sign the name of said defendant corporation for any purpose whatever. That at the time of said attempted service of said summons and complaint said defendant corporation had not any property within the state of Minnesota. That at the time of said attempted service, said Isaac Weil was, and for some time

prior to said date had been, the exclusive wholesale handler in the city of Minneapolis of a certain brand of whiskey manufactured by this defendant known as 'Canadian Club Whiskey,' and that the said Weil at said date, under an arrangement between him and said defendant, had a right to sell exclusively, as a wholesaler in said city defendant's said brand of liquor, and that he, said Weil, was entitled to certain concessions upon the price of said liquor at which defendant sells the same by way of a commission; and that the said Weil purchases of defendant its said brand of liquor and in turn disposes of the same to retailers for his own account in said city of Minneapolis; except as aforesaid, said Weil has no relation or connection with this defendant."

*Simon Meyers*, for appellant.

If Weil was an agent for any purpose, the service must be upheld. G. S. 1894, § 5200; Laws 1895, c. 332. Factors, commission merchants and consignees are all treated as agents in the text books. Mechem, Ag. §§ 1, 14, 986a, 987, 992, 1007, 1008. As to who are agents within the meaning of statutes relating to service on foreign corporations, see Palmer v. Pennsylvania, 35 Hun, 370, affirmed in 99 N. Y. 679; Berlin v. Southern (N. J.) 17 Atl. 1079; Littlejohn v. Southern, 45 S. C. 96; Palmer v. Chicago Herald Co., 70 Fed. 886.

*Welch, Hayne & Hubachek*, for respondent.

An agent, within the meaning of the statute, must be one who holds that relation by actual appointment and the intention of the parties. Gottschalk v. Distilling, 50 Fed. 681; St. Clair v. Cox, 106 U. S. 350; Bankers v. Robbins, 53 Neb. 44; Fairbank & Co. v. Cincinnati, 54 Fed. 420; Evansville C. Co., v. United Press, 74 Fed. 918; U. S. v. American Bell Tel. Co., 29 Fed. 17.

MITCHELL, J.

The defendant is a foreign corporation, organized under the laws of the Dominion of Canada, having its principal place of business at Walkerville, in the province of Ontario. It appears at least inferentially, that its business is manufacturing "Canadian Club Whiskey."

In this action, which is one in tort, the plaintiff sought to subject the defendant to the jurisdiction of the court, pursuant to the provisions of G. S. 1894, § 5200, by serving the summons on one Weil, as its agent. The defendant appeared specially, and moved to set

aside the attempted service on the ground that Weil was not in fact its agent. The motion, after a hearing upon affidavits, was granted, and the plaintiff appealed.

The statute does not define the word "agent"; but, as the service of process goes to the jurisdiction of the court over the person, it must be so construed as to conform to the principles of natural justice, and so that the service will constitute "due process of law." To do this, the agent must be one having in fact a representative capacity and derivative authority. Such agent must be one actually appointed and representing the corporation as a matter of fact, and not one created by construction or implication, contrary to the intention of the parties. U. S. v. American Bell Tel. Co., 29 Fed. 17. The use of the word "agent" or "subagent" is not controlling. The actual relation of the parties must be determined from the facts disclosed by affidavits.

A reasonable and justifiable conclusion to be drawn from these affidavits is that the relation between the defendant and Weil is the very common and familiar one between manufacturers and wholesale dealers, by which the manufacturer agrees to sell his goods only to a certain wholesale dealer in a city, who in turn agrees to buy them exclusively from the manufacturer, and to sell them at prescribed prices fixed by the manufacturer, in consideration of which the manufacturer agrees to give the wholesale dealer certain rebates (indiscriminately called "rebates," "concessions" or "commissions") from the usual trade prices. The affidavits are not very full or definite on some points, but it is not difficult to spell out of them that the arrangement between the parties was, in a general way, of this character.

If so, there was no relation of principal and agent between them. Neither would have any authority to act for or represent the other, but each was acting for himself as principal. Weil would be buying the goods, as well as selling them again, on his own account, and the fact that these purchases and sales were accompanied by some collateral conditions and restrictions would not create the relation of principal and agent between them.

About all the evidence produced by plaintiff in opposition to the motion was the testimony of defendant's secretary, given on the

trial of plaintiff and another for counterfeiting defendant's trademark, in which he stated generally that Weil was their "representative," "subagent," etc., and that defendant sent him the goods "on consignment." This testimony, having been given in another case, in which the exact nature of the relations of Weil and the defendant were presumably neither involved nor in mind, is far from conclusive. At most, the evidence was conflicting, and the trial court's conclusion upon the issue of fact cannot be disturbed.

Order affirmed.