IVER WOLD v. J. B. COLT COMPANY.[1]

November 29, 1907.

Nos. 15,304—(32).

**Service of Summons on Foreign Corporation.**

The question whether a foreign corporation is doing business in the state, so that service of summons may be made upon its agent within the state, is one of due process of law under the constitution of the United States.

**Same—Service on Agent.**

The agent upon whom service may be made must be an agent in fact, not merely by construction of law. He must be one having in fact representative capacity and derivative authority.

Action in the district court for Beltrami county to recover $1,997 for personal injuries. From an order, McClenahan, J., granting defendant's motion to set aside and vacate the service of summons, plaintiff appealed. Affirmed.

Part of the affidavit of the alleged agent was as follows:

"That during the year 1903, an arrangement was made by and between this affiant and said defendant by which the said defendant gave to the affiant the exclusive right to sell as a dealer within certain counties of the state of Minnesota acetylene generators and accessories, manufactured by said defendant; that under said arrangement it was agreed between affiant and defendant that affiant was to purchase from the defendant f. o. b. New York, on his own account and on his own credit, the said articles so manufactured by the defendant, and affiant was in turn to sell the articles so purchased by him to consumers, and the sales so made by this affiant were to be made by this affiant on his own account and in his own right, and as a dealer and not as agent for or on account of the said J. B. Colt Company. This affiant as part of said arrangement, agreed not to purchase or sell acetylene generators and accessories made by others than said J. B. Colt Company, and agreed that all sales made by this

[1] Reported in 114 N. W. 243.

affiant should be at the regular list prices used by said defendant, and in consideration of the affiant's acting as exclusive dealer in the articles manufactured by the said J. B. Colt Company, the said defendant agreed to allow the affiant a discount from said list price on all of the articles so purchased by this affiant from said defendant; that the arrangement so made between affiant and defendant was made through correspondence." * * * "That ever since the date of said letters up to and including the date of the attempted service of the summons as aforesaid, this affiant has been purchasing goods from, and doing business with said J. B. Colt Company, in accordance with the arrangement herein described, and not otherwise, and during all of said period the relation between said defendant and this affiant has been that of vendor and vendee, and the relation of principal and agent has never existed between defendant and this affiant. This affiant has never at any time had authority to act for or represent the defendant in any matter, nor has the affiant in fact ever acted for or represented the said defendant, nor has this affiant ever been appointed an agent of said defendant or ever authorized to accept or receive service of any process for or on behalf of said defendant; that the affiant has never made or attempted to make any contract or agreement on behalf of the defendant, nor ever made any sale for or on account of the defendant; that all goods manufactured by the defendant which have been handled by this affiant have been purchased by the affiant f. o. b. New York; that during all of the times herein mentioned, this affiant has been doing business in the city of Minneapolis, under the name and style: "N. W. Agency, J. B. Colt Co., I. E. Burt, Mngr."; that in said business so styled, this affiant and his wife are mutually interested, and have jointly furnished the capital therefor; that every sale or transaction relating to any articles manufactured by the defendant has been made by this affiant in the name of and in behalf of the said N. W. Agency, J. B. Colt Co.; that the defendant has no interest whatever in the business so conducted by this affiant; that the business so styled, includes the dealing in and sale of numerous other articles than those manufactured and sold by the defendant; that the defendant has no interest whatever in the proceeds of any contract of sale made by this affiant as aforesaid, and the proceeds of every such transaction has belonged

to and been retained by this affiant doing business as aforesaid; that this affiant has never reported to the defendant the terms and conditions of any contract of sale made by him as aforesaid, and has never accounted to, or transmitted to the defendant the proceeds of any such transaction; that this affiant doing business as aforesaid, purchased from the defendant f. o. b. New York the articles manufactured by defendant, and handled by this affiant."

A portion of the affidavit of the plaintiff was as follows:

"That said defendant has at all times mentioned in the complaint herein * * * distributed and caused to be circulated throughout the state of Minnesota and elsewhere large amounts of advertising matter consisting of circulars and pamphlets, in which said advertising matter is described wares manufactured and sold by said defendant, as aforesaid, and setting forth the superior qualities of its generators and apparatus; that said advertising matter also contains cuts and pictures representing said generators and apparatus, and testimonials from persons and corporations who have purchased said generators; that said advertising matter is printed in New York, by defendant, as affiant is informed and verily believes, and is furnished to its said Northwestern Agency for distribution and circulation throughout the northwest, including the state of Minnesota; that in a large part of said advertising matter, said I. E. Burt is designated by said defendant as the manager of its said Northwestern Agency, that in certain of said circulars and pamphlets said I. E. Burt is designated 'representative' of said defendant; that in some instances the aforesaid designations are printed upon said advertising matter by means of a rubber stamp, and in other instances such designations were printed in the body of the said circular or pamphlet at the time of the printing thereof by said defendant."

*Chester McKusick,* for appellant.

*How, Butler & Mitchell* and *Spencer, Ordway & Wierum,* for respondent.

ELLIOTT, J.

The summons in this action against the J. B. Colt Company, a corporation organized under the laws of the state of New York, was

served upon I. E. Burt, a resident of the city of Minneapolis. A motion was made by the defendant to set aside the service of the summons on the ground that the defendant corporation was not doing business in the state of Minnesota and that Burt was not an agent of the defendant upon whom service could be made. The court granted the motion and the plaintiff appealed from the order.

It appears from the affidavits that Burt was not in fact the agent of the corporation, but that he was engaged in selling an acetylene gas generator, manufactured by the corporation, in certain counties in the state of Minnesota, under circumstances which might possibly justify a court in holding that the corporation had held him out as its agent and would therefore be estopped in the action from denying that he was its agent. The question is whether jurisdiction over a foreign corporation can be obtained by the service of the summons upon a person who is not in fact its agent, but who may for the purpose of the trial be held an agent by the application of the doctrine of estoppel.

A state may refuse permission to a foreign corporation to transact business within its borders, or it may grant it upon such conditions as it chooses to impose. Waters-Pierce Oil Co. v. Texas, 177 U. S. 28, 20 Sup. Ct. 518, 44 L. Ed. 657. When a foreign corporation enters a state and does business there, it assents to the conditions imposed by a statute that valid service may be made upon the agent by whom it is there represented. But it is only when the foreign corporation is doing business in the state that service may be made upon its agent, and in connection with questions of jurisdiction it is held that what is "doing business" is a question of due process of law under the federal constitution. Grant v. Cananea, 117 App. Div. 576, 102 N. Y. Supp. 642; Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113. In St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222, the court said that the condition with reference to the service of summons upon an agent "must not, however, encroach upon that principle of natural justice which requires notice of a suit to a party before he can be bound by it. It must be reasonable, and the service provided for should be only upon such agents as may be properly deemed representative of the foreign

corporation." In Connecticut Mut. Life Ins. Co. v. Spratley, 172 U. S. 603–610, 19 Sup. Ct. 308, 43 L. Ed. 569, Mr. Justice Peckham said that, if the corporation is engaged in business within the state, "the service of process must be upon some agent so far representing the corporation in the state that he may properly be held in law an agent to receive such process in behalf of the corporation. An express authority to receive process is not always necessary."

It is well settled by authority that the agent upon whom service may be made must be one having in fact a representative capacity. In Prof. Beale's recent work on Foreign Corporations (section 271) it is said: "A person who is not really employed by the corporation, but is merely an agent by estoppel or by construction of law, is not a proper person to serve." Gottschalk Co. v. Distilling & Cattle Feeding Co. (C. C.) 50 Fed. 681; Doe v. Springfield Boiler & Mnfg. Co., 104 Fed. 684, 44 C. C. A. 128. In 19 Cyc. 1328, Judge Thompson says "that process must have been served upon an agent sustaining such a relation to it that notice to the agent might well be deemed notice to the principal without a violation of the principles of natural justice." In Mikolas v. Hiram Walker & Sons, 73 Minn. 305, 76 N. W. 36, this court said: "The statute does not define the word 'agent'; but, as the service of process goes to the jurisdiction of the court over the person, it must be so construed as to conform to the principles of natural justice and so that the service will constitute 'due process of law.' To do this the agent must be one having in fact a representative capacity and derivative authority. Such agent must be one actually appointed and representing the corporation as a matter of fact, and not one created by construction or implication, contrary to the intention of the parties."

Although the question of estoppel was not considered in the Mikolas case, the court clearly stated the principles which must control the present case. When a personal judgment is sought, the service of the summons upon a person who does not stand in a representative capacity to the corporation does not constitute due process of law as defined by the federal courts in numerous decisions which upon this question are controlling. In all but one of the cases to which we are referred by the appellant an agency in fact existed, and the ques-

tion was whether the actual agency was broad enough to justify the conclusion that the agent was authorized to accept service.

The order of the trial court is therefore affirmed.