## CARPENTER v. WILLARD CASE LUMBER CO.

(Circuit Court, S. D. Iowa, C. D.   January 23, 1908.)

No. 3,789.

1. CORPORATIONS—ACTIONS. AGAINST FOREIGN CORPORATIONS—VALIDITY OF SERVICE.

A firm of lumber commission merchants domiciled in Iowa, who took orders from persons desiring lumber, and forwarded the same to lumber companies for acceptance, receiving a commission from the sellers in case a sale was made, and who in such manner sent orders to defendant, a Missouri corporation, having its principal place of business in St. Louis, which were accepted, did not thereby become agents for defendant in Iowa, within the meaning of Iowa Code, § 3529, so that jurisdiction could be acquired in a suit against defendant in the state by service on such firm, defendant having no property or place of business in Iowa.

[Ed. Note.—Service of process on foreign corporations, see notes to Eldred v. American Palace Car Co., 45 C. C. A. 3; Cella Commission Co. v. Bohlinger, 78 C. C. A. 473.]

2. APPEARANCE—PROCEEDINGS CONSTITUTING "GENERAL APPEARANCE" — REMOVAL OF CAUSE.

The appearance of a nonresident defendant in a state court for the sole purpose of removing the cause does not constitute a "general appearance" which precludes it from moving to quash the service in the federal court.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 4, pp. 3051, 3052.]

On Motion to Quash Service of Summons.

Parker, Hewitt & Wright, for plaintiff.

Dunshee & Dorn, for defendant.

POLLOCK, District Judge. The sole question arising for decision on this record relates to the validity of the service of the summons made in this case. The facts gleaned from the record necessary to a decision of this question, briefly stated, are as follows: Plaintiff, a citizen of this state, doing business under the name and style of the "Iowa Bridge Company," in the year 1906 purchased from the defendant, a lumber corporation organized under the laws of the state of Missouri, domiciled in the city of St. Louis in that state, 58 cars of lumber. The defendant delivered plaintiff 33 cars of this lumber under its contract, but failed and refused to deliver the remaining 25 cars, hence, this action was brought by plaintiff to recover the sum of $3,500 damages for breach of such contract. The action was originally brought in the district court of Polk county, this state. The summons issued in the action was served on Moetzel & Tobin, a firm of lumber commission merchants domiciled in the city of Des Moines, Polk county, this state. This summons commanded the defendant to appear and answer in the state court on the 6th day of May, 1907. This it did not do, but on May 16th thereafter appeared in the state court, filed its petition and bond for removal into this court, and in this court has filed its motion to quash and set aside the service of the summons thus made. On the face of this record, as well as by stipulation of parties, the case must go back to the state court if the service made is sustained.

From the evidence submitted by way of affidavits for and against this motion to quash, it appears Moetzel & Tobin are lumber commission merchants domiciled in the city of Des Moines. As such commission merchants they take orders from persons desiring to purchase lumber, and forward the same to lumber companies having lumber of the character ordered for sale. In this case, as shown by the correspondence, the orders made by plaintiff were addressed to Moetzel & Tobin, and by them forwarded to the defendant company in St. Louis for acceptance. In pursuance of these orders accepted by defendant the lumber was to be delivered to the plaintiff at certain figures therein specified f. o. b. the cars at such point of destination as the plaintiff might designate, he being permitted, after the making of the orders, to specify the sizes of the lumber. The defendant company owned lumber mills in the northwest. The lumber ordered was to be shipped over the Northern Pacific Railway Company's line. It did not own any lumber or other property of any character in this state, and it was not necessary in the fulfillment of the orders thus taken that the lumber or any part thereof should be delivered in this state. Defendant did not have any lumber yard, warehouse, office, or place of business in this state, and did not have any agent or representative in this state other than as the above-stated facts constituted the firm of Moetzel & Tobin its representatives. And it is not shown from the testimony that defendant transacted any business in this state except that above specified. Moetzel & Tobin, as lumber commission mer-

chants, rented their own office, paid their own expenses, and received their compensation on orders for lumber filled through them, based on the amount of such orders filled by lumber dealers. The commission in this case was $5 per car to be paid by defendant to Moetzel & Tobin. The arrangement to thus represent defendant was made in St. Louis by Mr. Tobin.

Under this state of facts, is the relation existing between Moetzel & Tobin and defendant of such nature in law as to constitute them the representatives of the defendant company in this state to such extent that valid personal service of process may be made upon defendant through them? The answer to this question must depend upon what provision the lawmaking power of this state has lawfully enacted for obtaining personal service on a foreign corporation by the service of process upon those representing or claiming to represent such corporation in this state. At the common law there was no method by which process could be served on a foreign corporation in an action at law binding the person of the corporation. As said by Mr. Justice Field in St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222:

"Formerly, it was held that a foreign corporation could not be sued in an action for the recovery of a personal demand outside of the state by which it was chartered. The principle that a corporation must dwell in the place of its creation, and cannot, as said by Mr. Chief Justice Taney, migrate to another sovereignty, coupled with the doctrine that an officer of the corporation does not carry his functions with him when he leaves his state, prevented the maintenance of personal actions against it. There was no mode of compelling its appearance in the foreign jurisdiction. Legal proceedings there against it were, therefore, necessarily confined to the disposition of such property belonging to it as could be there found; and, to authorize them, legislation was necessary. McQueen v. Middletown Manufacturing Co., 16 Johns. (N. Y.) 5; Peckham v. North Parish in Haverhill, 16 Pick. (Mass.) 274; Libbey v. Hodgdon, 9 N. H. 394; Moulin v. Trenton Insurance Co., 24 N. J. Law, 222."

Therefore, it is only by virtue of statutory authority that such service can be made, the statutory method must be followed, and the method adopted and followed must constitute due process of law. The lawmaking power of this state has provided a method of obtaining service on foreign corporations, as follows: Section 3529 of the Code of Iowa provides:

"If the action is against any corporation or person owning or operating any railway or canal, steamboat or other river craft, or any telegraph, telephone, stage coach or car line, or against any express company, or against any foreign corporation, service may be made upon any general agent of such corporation, company or person, wherever found, or upon any station, ticket or other agent or person transacting the business thereof or selling tickets therefor in the county where the action is brought; if there is no such agent in said county, then service may be had upon any such agent or person transacting said business in any other county."

Section 3532 of the Code provides:

"When a corporation, company or individual has, for the transaction of any business, an office or agency in any county other than that in which the principal resides, service may be made on any agent or clerk employed in such office or agency, in all actions growing out of or connected with the business of that office or agency."

A state is powerless to provide any method of obtaining personal service binding upon a natural personal citizen of a foreign state unless such person comes within the territorial boundaries of such state so that the law may become operative upon him. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565. A state may subject its citizens to the jurisdiction of courts created under its Constitution and laws in any manner it may deem proper, so long as the method provided constitutes due process of law. A corporation can act and be bound only through its constituted officers, agents, and servants, therefore a domestic corporation may be required by the laws of the state of its creation to answer personally in any court of the state by the personal service of notice of the pendency of an action against it therein, served upon any officer, agent, or other representative of the company within the state, as the lawmaking power in its wisdom may provide, unless prohibited by its Constitution. A corporation is in law conclusively presumed to be a citizen of that state under whose laws it is organized, and it cannot, as an individual, remove from such state, and thus change its citizenship. It therefore becomes material to inquire what lawful authority a state has to provide for the obtaining of jurisdiction by its courts to pronounce judgment binding personally upon a foreign corporation, and what limitations are placed upon the exercise of such right by the state, for it is self-evident that an act of the Legislature of a state, providing the service of process upon A., a citizen of the state, shall bind B., a corporate citizen of another state, without regard to any relationship existing between A. and B. or the consent of B. to such arrangement, would be entirely nugatory and void, because not constituting due process of law. And this without regard to the fact that A. may notify B. of the service made or the pendency of the action. It is therefore apparent the person on whom the process is served within the jurisdiction of the court, to bind the foreign corporation, must stand as the representative of the foreign corporation. Not in a special or restricted sense, but in such measure that, if instead of the process being served upon him he should accept service of the writ, his acceptance would bring his principal, the foreign corporation, personally before the court, and when brought in the corporation would be estopped from denying the authority of its agent to bind it by the act of acceptance of the service. That this is the true rule, I think, is made clear by reference to a few of the many adjudicated cases.

In St. Clair v. Cox, supra, Mr. Justice Field, delivering the opinion, says:

"The state may, therefore, impose as a condition upon which a foreign corporation shall be permitted to do business within her limits that it shall stipulate that, in any litigation arising out of its transactions in the state, it will accept as sufficient the service of process on its agents or persons specially designated; and the condition would be eminently fit and just. And such condition and stipulation may be implied as well as expressed. If a state permits a foreign corporation to do business within her limits, and at the same time provides that, in suits against it for business there done, process shall be served upon its agents, the provision is to be deemed a condition of the permission; and corporations that subsequently do business in the state are to be deemed to assent to such condition as fully as though they

had specially authorized their agents to receive service of the process. Such condition must not, however, encroach upon that principle of natural justice which requires notice of a suit to a party before he can be bound by it. It must be reasonable, and the service provided for. should be only upon such agents as may be properly deemed representatives of the foreign corporation. * * * The transaction of business by the corporation in the state, general or special, appearing, a certificate of service by the proper officer on a person who is its agent there would, in our opinion, be sufficient prima facie evidence that the agent represented the company in the business. It would then be open, when the record is offered as evidence in another state, to show that the agent stood in no representative character to the company, that his duties were limited to those of a subordinate employé, or to a particular transaction, or that his agency had ceased when the matter in suit arose."

In Mutual Life Insurance Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed. ,569, Mr. Justice Peckham quotes the following from the opinion in St. Clair v. Cox, supra:

"In the state where a corporation is formed, it is not difficult to ascertain who are authorized to represent and act for it. Its charter or the statutes of the state will indicate in whose hands the control and management of its affairs are placed. Directors are readily found, as, also, the officers appointed by them to manage its business. But the moment the boundary of the state is passed difficulties arise. It is not so easy to determine who represents the corporation there, and under what circumstances service on them will bind it."

And then says:

"This language does not confine the service to an agent who has been expressly authorized to receive service of process upon him in behalf of the foreign corporation. If that were true, it would be easy enough to determine whether the person represented the corporation, as unless he has been so authorized he would not be its agent in that matter. In the absence of any express authority, the question depends upon a review of the surrounding facts, and upon the inferences which the court might properly draw from them. If it appear that there is a law of the state in respect to the service of process on foreign corporations, and that the character of the agency is such as to render it fair, reasonable, and just, to imply an authority on the part of the agent to receive service, the law will and ought to draw such an inference and to imply such authority, and service under such circumstances, and upon an agent of that character, would be sufficient."

In Green v. Chicago, Burlington & Quincy Ry., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916, Mr. Justice Moody, delivering the opinion of the court, says:

"The business done in this case was, in substance, nothing more than that of solicitation. Without undertaking to formulate any general rule defining what transactions will construe 'doing business' in the sense that liability to service is incurred, we think that this is not enough to bring the defendant within the district so that process can be served upon it. This view accords with several decisions in the lower federal courts. Maxwell v. Atchison, etc., Railroad (C. C.) 34 Fed. 286; Fairbank & Co. v. Cincinnati, etc., Railroad, 54 Fed. 420, 4 C. C. A. 403, 38 L. R. A. 271; Union Associated Press v. Times-Star Co. (C. C.) 84 Fed. 419; Earle v. Chesapeake, etc., Railroad (C. C.) 127 Fed. 235."

Tested by the rule announced in these cases, is the service here relied upon by plaintiff sufficient? That is to say, suppose Moetzel & Tobin had accepted the service of process in this case on behalf of defendant company instead of being served with the process. Would defendant be bound thereby, and estopped to deny the authority so exercised?

I think not. As has been seen from the facts stated Moetzel & Tobin were not held out to the public by defendant as its agents to transact its business. They were transacting their own business. They did not occupy an office of the defendant company in this state, they occupied their own office. They were not in possession of or exercising dominion or control over any property of the defendant in this state. In the line of their business they took orders for lumber, had such orders accepted, filled, or agreed to be filled by defendant company for plaintiff. In so doing defendant was not bound by any act of Moetzel & Tobin, but by its own act of acceptance. Moetzel & Tobin were transacting the business of lumber factors or brokers in this state, but the business transacted by them was their business. The defendant was transacting business in St. Louis through Moetzel & Tobin in the manner stated. In such case the principal is not bound by the service made. For a lengthy discussion of the general principles involved, see the opinion of Judge Sanborn in Butler Bros. Shoe Co. v. United States Rubber Co. (C. C. A.) 156 Fed. 1, recently decided.

Again, it is not thought the appearance by the defendant in the state court for the purpose of filing its petition and bond for removal to this court constituted a general appearance to the merits of the case, or a waiver of the invalidity of the attempted service because of the statute of this state. The service being invalid, no duty rested on defendant to obey the command of the summons issued from the state court. It could have permitted judgment to go by default against it and successfully resisted its enforcement. However, it did not desire to take such course, but pursued the more prudent one of appearing in the state court for the sole purpose of removing the controversy to this court, which it might lawfully do; and, when the controversy was so removed, the question of jurisdiction over the person of the defendant is one for the consideration of this court under the general provisions of the law, and not for the state court under special provisions. Louden Machinery Co. v. American Malleable Iron Co. (C. C.) 127 Fed. 1008, and cases therein cited.

It follows, the motion to quash and set aside the service in this case must be, and is, sustained. Such order will be entered by the clerk.