NORTH WISCONSIN CATTLE COMPANY v. OREGON SHORT LINE RAILROAD COMPANY and Others.[1]

July 31, 1908.

Nos. 15,674—(184).

**Foreign Corporations—Service of Summons.**

The statute (R. L. 1905, § 4109, subd. 3) relating to the service of summons on a foreign corporation by delivering a copy to any of its agents, requires that the agent upon whom service is made must be such in fact, and that the corporation must be doing business in this state. Wold v. J. B. Colt Co., 102 Minn. 386, followed.

**Same—Transacting Business in State.**

The summons in this case was served on an agent of the respondents, who was soliciting, within the state, passenger and freight traffic to be routed over their lines, none of which was in this state. *Held,*

[1] Reported in 117 N. W. 391.

that the corporations were not "doing business in the state," within the meaning of the statute, and that the service of the summons was rightly set aside.

Action in the district court for Hennepin county to recover $10,-000 for the depreciation in the value of a train load of sheep by reason of alleged negligent handling. The parties to the action are foreign corporations and the main question is whether the statutes of this state were complied with in serving a summons under the circumstances shown. The defendants appeared specially and moved to set aside the service of the summons. From an order, Simpson, J., granting the motion and from that part of the order setting aside the service of summons as to the Union Pacific Railroad Company, plaintiff appealed. Affirmed.

*How, Butler & Mitchell,* for appellant.

The validity of service of a summons on a foreign corporation under the statutes of a state providing for service rests on the doctrine of implied consent. If the state has the right to prohibit a foreign corporation from doing certain acts within the state, it may provide by law for service of summons on such corporation, and if the corporation then comes into the state and does those acts, it impliedly consents to a service of the summons. There is a distinction between a case instituted in the United States courts, where there is no such state statute, and a case where such statute exists. Acts of a foreign corporation, which in the absence of statute are not considered as a sufficient doing of business within the state to make the corporation subject to service in the federal courts, will make such service permissible in either state or federal courts where such statute exists, under the doctrine of implied consent. Beale, Foreign Corp. §§ 266, 267; Barrow S. S. Co. v. Kane, 170 U. S. 100, 107; Green v. Chicago, B. & Q. Ry. Co., 205 U. S. 530; Denver & R. G. R. Co. v. Roller, 100 Fed. 738; Tuchband v. Chicago, 115 N. Y. 437; Chattanooga Nat. Bldg. & Loan Assn. v. Denson, 189 U. S. 408.

Some at least of the acts which the Union Pacific Company is doing within this state are such as the state would have a right to prohibit, and if it may prohibit it may impose by law the condition that

the railroad company shall be subject to service, and if the statutes properly construed impose that condition, the company has impliedly consented to be sued. Beale, Foreign Corp. §§ 266, 267; Chattanooga Nat. Bldg. & Loan Assn. v. Denson, supra.

The statutes of the state of Minnesota contemplate and provide that . the doing of such a business as is done by the Union Pacific Railroad Company shall make a foreign corporation subject to suit in this state. R. L. 1905, §§ 2888, 4109; Beale, Foreign Corp. §§ 266, 267; Denver & R. G. R. Co. v. Roller, supra; Tuchband v. Chicago, supra; Block v. Atchison, T. & S. F. R. Co., 21 Fed. 529; Central v. Eichberg (Md.) 68 Atl. 690; Van Dresser v. Oregon R. & Nav. Co., 48 Fed. 202; Bell v. New Orleans, 2 Ga. App. 812. Chattanooga Nat. Bldg. & Loan Assn. v. Denson, supra.

The Oregon Shortline is also subject to suit in this state. Hillary v. Great Northern Ry. Co., 64 Minn. 361; Van Dresser v. Oregon R. & Nav. Co., supra; Central v. Eichberg, supra; Thomas Mnfg. Co. v. Knapp, 101 Minn. 432.

*Howard S. Abbott, Rome G. Brown, Charles S. Albert* and *Arnold L. Guesmer,* for respondents.

Service of process must constitute due process of law. Mikolas v. Hiram Walker & Sons, 73 Minn. 305; Carroll v. New York, 65 N. J. L. 124; Wold v. J. B. Colt Co., 102 Minn. 386.

Service on an agent of a corporation which is not doing business in the state is not due process of law. Murray v. Hoboken Land & Imp. Co., 18 How. 272; Moredock v. Kirby, 118 Fed. 180, 185; Caldwell v. Armour, 1 Penn. (Del.) 545, 546, 550; Mikolas v. Hiram Walker & Sons, supra; . Connecticut Mut. Life Ins. Co. v. Spratley, 172 U. S. 602, 609, 610; Carroll v. New York, supra; Wold v. J. B. Colt Co., supra.

The agent served must be one having in fact a representative and derivative authority and must not be one created by construction or implication contrary to the intention of the parties. Mikolas v. Hiram Walker & Sons, supra; Connecticut Mut. Life Ins. Co. v. Spratley, supra; Frawley, B. & W. v. Pennsylvania Casualty Co., 124 Fed. 259; Ladd Metals Co. v. American Mining Co., 152 Fed. 1008; Car-

roll v. New York, supra; Doe v. Springfield Boiler & Mnfg. Co., 104 Fed. 684, 687; Wold v. J. B. Colt Co., supra.

The name given him is not controlling. The actual relations of the parties determine his capacity. Mikolas v. Hiram Walker & Sons, supra; Boardman v. S. S. McClure Co., 123 Fed. 614; Green v. Chicago, B. & Q. Ry. Co., 205 U. S. 530; Berger v. Pennsylvania, 27 R. I. 583; Frawley, B. & W. v. Pennsylvania Casualty Co., supra; Norton v. Atchison, 97 Cal. 388.

The statutes relating to service have been strictly construed in this state. Strom v. Montana Cent. Ry. Co., 81 Minn. 346; Mikolas v. Hiram Walker & Sons, supra; Wold v. J. B. Colt Co., supra.

If the cause of action against a foreign corporation accrues in the state of its domicile by reason of some contract there made or act done there, the plaintiff ought not, except under special circumstances, to be permitted to force it into litigation in this state. Strom v. Montana Cent. Ry. Co., supra; McCord Lumber Co. v. Doyle, 97 Fed. 22.

The corporation must be doing business in the state, and the agent must be transacting the business. Boardman v. S. S. McClure Co., supra; Green v. Chicago, B. & Q. Ry. Co., supra. Peterson v. Chicago, R. I. & P. Ry. Co., 205 U. S. 364, 394; Goldey v. Morning News, 156 U. S. 518; Fitzgerald & Mallory Const. Co. v. Fitzgerald, 137 U. S. 98; Connecticut Mut. Life Ins. Co. v. Spratley, supra; Conley v. Mathieson Alkali Works, 190 U. S. 406, 410; Berger v. Pennsylvania, supra; Central G. & S. Exch. of Hammond v. Board of Trade of City of Chicago, 125 Fed. 463; Frawley, B. & W. v. Pennsylvania Casualty Co., supra; Case v. Smith, Lineaweaver & Co., 152 Fed. 730; Ladd Metals Co. v. American Mining Co., supra; Zelnicker v. Mississippi, 103 Mo. App. 94; Cæsar v. Capell, 83 Fed. 403; Wold v. J. B. Colt Co., supra; Butler Bros. Shoe Co. v. U. S. Rubber Co., 156 Fed. 1.

A person who simply solicits freight and passenger business for a foreign railway company is not an agent for the purpose of service. The fact that an office is maintained within the state does not make the person in charge such an agent. Green v. Chicago, B. & Q. Ry. Co., supra; Berger v. Pennsylvania, supra; Gaudie v. Northern, 34 Wash. 34; McGuire v. Great Northern Ry. Co., 155 Fed. 230; Abraham v. Southern, 149 Ala. 547; Wall v. Chesapeake & O. Ry. Co., 95 Fed.

398; Earle v. Chesapeake & O. Ry. Co., 127 Fed. 235; Maxwell v. Atchison, T. & S. F. R. Co., 34 Fed. 286; Allen v. Yellowstone Park Transp. Co., 154 Fed. 504; N. K. Fairbank & Co. v. Cincinnati, N. O. & T. P. Ry. Co., 54 Fed. 420; Kingsley v. Great Northern, 91 Wis. 380, 386.

A solicitor of advertisements or goods is not an agent upon whom service is binding upon the corporation. Boardman v. S. S. McClure Co., supra; Strain v. Chicago Portrait Co., 126 Fed. 831; Blevins v. Fairley, 71 Mo. App. 259; Vaughn Mach. Co. v. Lighthouse, 64 App. Div. 138; American Contractor Pub. Co. v. Bagge, 91 N. Y. Supp. 73; Harvard Co. v. Wicht, 99 App. Div. 507.

The sending of a solicitor into the state for the purpose of soliciting business is not doing business within the state. Boardman v. S. S. McClure Co., supra; Green v. Chicago, B. & Q. Ry. Co., supra; Berger v. Pennsylvania, supra; Gaudie v. Northern, supra; McGuire v. Great Northern Ry. Co., supra; Abraham v. Southern, supra; Wall v. Chesapeake & O. Ry. Co., supra; Earle v. Chesapeake & O. Ry. Co., supra; Maxwell v. Atchison, T. & S. F. R. Co., supra; Allen v. Yellowstone Park Transp. Co., supra; Strain v. Chicago Portrait Co., supra; N. K. Fairbank & Co. v. Cincinnati, N. O. & T. P. Ry. Co., supra; Vaughn Mach. Co. v. Lighthouse, supra; Crocker v. Muller, 40 Misc. 685; American Contractor Pub. Co. v. Bagge, supra; Harvard Co. v. Wicht, supra; Wold v. J. B. Colt Co., supra.

The agents of a railroad company, the stock of which is owned by another company, are not the agents of the latter company for the purpose of service, even though such agents may at times also represent that company as to business done in other states. Peterson v. Chicago, R. I. & P. Ry. Co., supra; Mexican Cent. Ry. Co. v. Pinkney, 149 U. S. 194; Allen v. Yellowstone Park Transp. Co., supra.

The residence of an officer or agent in the state does not necessarily give the corporation a domicile in the state. He must be there officially, there representing the corporation in its business. Conley v. Mathieson Alkali Works, supra; St. Clair v. Cox, 106 U. S. 350; Schmidlapp v. LaConfiance Co., 71 Ga. 246; Taft v. Mills, 5 R. I. 393.

The views of the United States supreme court are controlling, for any business transacted was interstate and defendant's right to do so arises out of federal law. Carroll v. New York, supra; Crutcher v.

Kentucky, 141 U. S. 47; Connecticut Mut. Life Ins. Co. v. Spratley, supra.

Due process of law raises a federal question and the views of the federal courts are controlling. Grant v. Cananea, 117 App. Div. 576; Hintermister v. First, 64 N. Y. 212; Duncomb v. New York, 84 N. Y. 190; Sibley v. Sibley, 76 App. Div. 132; Wold v. J. B. Colt Co., supra.

The question of the character of the person served is one of fact to be determined by the trial court. Norton v. Atchison, 97 Cal. 388; Hester v. Rasin, 33 S. C. 609.

START, C. J.

This action was brought in the district court of the county of Hennepin by the plaintiff, a foreign corporation, against the defendants, the Union Pacific Railway Company, and the Oregon Short Line Railroad Company, foreign corporations existing, respectively, by virtue of the laws of the state of Utah, and the Chicago, Milwaukee & St. Paul Railway Company, a foreign corporation existing by virtue of the laws of the state of Wisconsin, to recover damages caused by the alleged negligent handling by the defendants of a train load of sheep transported from Nampa, Idaho, to St. Paul, Minnesota. The contract of shipment of the sheep was not made within this state, nor did the alleged cause of action arise therein. Service of the summons upon the defendants Union Pacific Company and the Oregon Company, respectively, was made by serving the same on their alleged agent, Mr. D. M. Collins, at the city of Minneapolis. Thereupon such defendants appeared specially and moved the court to set aside such service of the summons, upon the ground that at the time it was made neither of them was within the state of Minnesota, nor was the person upon whom the summons was served the agent of either of them. The trial court made its order setting aside the service of the summons, from which the plaintiff appealed.

It is obvious from the record that, if the order appealed from was correct as to the Union Pacific Company, it was also as to the Oregon Company; hence the first and perhaps the only question for consideration is whether the order was right as to the Union Pacific Company.

The ultimate facts relevant to this question are briefly summarized by the trial judge, as follows: "It appears that D. M. Collins and

H. F. Carter are, and for some time past have been, in the employ of this defendant. That the defendant maintained a permanent office in the city of Minneapolis for their use, and hired to assist them some other employees. Collins and Carter are, respectively, engaged in influencing shippers of freight and prospective passengers to use the lines of the Union Pacific Railroad Company. They do not make contracts with shippers or passengers, but get results, if at all, by inducing such shippers and passengers, when making contracts with other roads, to route goods or buy tickets over the Union Pacific lines. Carter frequently purchases for a passenger, from railway companies other than the Union Pacific, a ticket routed over the Union Pacific, and receives from the passenger the price of such ticket, either before or after he obtains the ticket from the selling railway company, and pays over such price to the selling company in each case. The business done by them is fairly described as soliciting business for and advertising their employer. The company for the carrying on of this business maintains in this state a permanent office on a fairly extensive scale; and from it, by virtue of the ordinary contracts existing between initial and connecting carriers for through freight and passenger service, receives freight and passenger business originating in this state. The permanent office force it maintains in this state is greater than the entire office force necessary for carrying on an independent enterprise of quite respectable proportions." Neither defendant has any railway line within the state. This summary is fully sustained by the evidence.

Counsel for plaintiff, however, claims that the defendant sells, within the state, tickets to passengers, and therefore it makes contracts within the state. The evidence does not justify the premise of the proposition, for it does not establish the alleged fact that defendant sells passenger tickets within the state. It is true that the alleged agent frequently purchases for a passenger tickets from railway companies other than the defendant routed over its line with the money of the passenger, which is paid to the selling company in each case; but the evidence fairly justifies the conclusion that in so doing the alleged agent acts as the messenger of the passenger and for his accommodation, and not for the defendant.

We have, then, the question whether, upon the ultimate facts here-

in stated, the summons was duly served upon the defendant, within the meaning of our statute (R. L. 1905, § 4109, subd. 3), which reads as follows: "If the defendant be a foreign corporation, the summons may be served by delivering a copy to any of its officers or agents within the state." While this is a change in the language of the former statute in reference to service of process on a foreign corporation, yet it is not a change in substance as to the representative capacity and derivative authority of the agent upon whom the summons may be served. The present statute, as well as the one it superseded, requires that the agent of a foreign corporation, upon whom a summons in an action against it may be served, must be an agent in fact, not merely by construction of law, having representative capacity and derivative authority, and the corporation which he represents must be doing business in this state. Wold v. J. B. Colt Co., 102 Minn. 386, 114 N. W. 243.

In the case of Mikolas v. Hiram Walker & Sons, 73 Minn. 305, 76 N. W. 36, the court, with reference to the former statute, said that: "The statute does not define the word 'agent'; but, as the service of process goes to the jurisdiction of the court over the person, it must be so construed as to conform to the principles of natural justice, and so that the service will constitute 'due process of law.' To do this, the agent must be one having in fact a representative capacity and derivative authority. Such agent must be one actually appointed and representing the corporation as a matter of fact, and not one created by construction or implication, contrary to the intention of the parties."

The statute does not require in express terms that the foreign corporation must be doing business within the state, in order to justify the service of a summons against it upon its agent; but this is necessarily implied, for it could not be represented within the state by an agent unless it was doing business therein. Whether such a corporation is doing business in the state is a question of jurisdiction, and in its last analysis it is one of due process of law, under the constitution of the United States. However, the decisions of our own court on the question are in harmony with those of the federal supreme court. Green v. Chicago, B. & Q. Ry. Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916.

The facts in the case last cited were quite similar to those in the case at bar. In that case the defendant, an Iowa railway corporation having none of its tracks in Pennsylvania, for the purpose of soliciting business in that state, employed. an agent, hired an office for him in Philadelphia, and designated him as its district and passenger agent. His business was to solicit and procure passengers and freight to be transported over the defendant's lines. He conducted such business for the defendant, with the assistance of several clerks and traveling and passenger agents, who reported to him. In short, he did everything, and more, for the defendant, with respect to such business in the state of Pennsylvania, than the agent in the case at bar did in Minnesota for the defendant herein. It was held in the case cited that: "The business shown in this case was in substance nothing more than that of solicitation. Without undertaking to formulate any general rule defining what transactions will constitute 'doing business' in the sense that liability to service is incurred, we think that this is not enough to bring the defendant within the district so that process can be served upon it."

Counsel for the appellant urge that the Green case, properly understood, supports their contention that the service of the summons in this case was valid. The contention, in brief, is, in substance, that in the Green case there was no statute providing for the service of the summons on a foreign corporation doing business in a state or district; that the case impliedly holds that if there had been such a statute the defendant would have been amenable to process in Pennsylvania; that there is such a statute in our state; that the defendant impliedly consented that process might be served upon it within the state, in the manner provided by the statute, by entering the state and doing any kind of business therein; that the defendant did have agents in the state to solicit freight and passenger traffic, which was business; and therefore it consented that process against it might be served on them.

If. the statute were to the effect that any foreign corporation having an agent in the state for the solicitation of freight and passenger traffic over its lines outside of the state might be served with process by delivering a copy thereof to such agent, there might be, possibly, a substantial basis for the claim urged. The statute, however, does

not define the character of business the doing of which in the state will subject it to the process of the court by service on its agents. It simply provides that service may be made upon the agent of the corporation. Therefore a foreign corporation sending its agents into this state impliedly consents that, if they do for it any acts which constitute doing business within the state, as that term is defined by its courts, process against it may be served on such agents. The solicitation of passenger and freight traffic in the state is not within that term. We accordingly hold that the facts of this case do not justify the conclusion that the respondents herein were, or either of them, doing business within this state, so as to authorize the service of the summons upon their soliciting agent.

Order affirmed.