CARL R. NIENHAUSER AND ANOTHER DOING BUSINESS AS
THE MINNESOTA WAX PAPER COMPANY
v. ROBERTSON PAPER COMPANY.[1]

July 2, 1920.

No. 21,800.

**Process — service on agent of foreign corporation.**

In order to obtain jurisdiction over a foreign corporation by service
upon an agent within this state, the authority of the agent and the
business in which he is engaged, must be of such a character, that it
may be said that, in his person, the corporation is present in the state.
An agent authorized to take orders, make collections, make adjust-
ments and dispose of property of the corporation within the state, is
such an agent.

Action in the district court for Ramsey county to recover $1,910.25
for breach of contract. Defendant appeared specially for the sole purpose
of objecting to the jurisdiction of the court and moved to vacate the at-
tempted service of the summons upon defendant. From the order,
Hanft, J., denying its motion, defendant appealed. Affirmed.

*Moore, Oppenheimer & Peterson,* for appellant.

*Charles H. Weyl* and *A. G. Briggs,* for respondents.

HALLAM, J.

This is an action to recover damages for breach of a contract alleged
to have been made in 1915, by which defendant agreed to sell and deliver
paper to plaintiff. The case comes before this court on appeal from an
order denying defendant's motion to set aside service of the summons.
Defendant is a Vermont corporation with its principal place of business
at Bellows Falls. The service was made in Minnesota on John V. Duffin,
a resident of Chicago, while temporarily in Minnesota.

Defendant contends that Duffin is a paper broker authorized by de-
fendant only to present samples, quote prices from lists furnished him,
and to solicit and forward orders to defendant, with no authority to ac-

[1] Reported in 178 N. W. 504.

cept orders or to make contracts of any kind, and receiving no compensation from plaintiff except commissions on sales solicited by him.

Plaintiff claims the following facts: Duffin was defendant's sales representative with headquarters in Chicago. Defendant carried, in a warehouse there, a full line of paper. St. Paul and Minneapolis were included in Duffin's regular territory. Correspondence received by defendant, looking to sales in this territory, was referred to him. He made frequent trips to said cities, called on customers, sometimes collected accounts and made adjustments. He endeavored to secure from plaintiff a release of its claim sued on in this action. Shipments were usually made to this territory in what is known as a "pool car," that is, a car containing goods ordered for several customers. The carload was delivered to a storage company and said company furnished with a list of the names of the customers for whom the paper was intended, with instructions to deliver to each his own. In September, 1919, a "pool car" of paper was shipped for several customers in St. Paul and Minneapolis to fill orders taken by Duffin and accepted by defendant. Before the paper was delivered, the purchasers were served with garnishee summons in this action. Thereupon Duffin came to St. Paul and Minneapolis, took possession of the paper in the car, caused it to be transported elsewhere, refused to deliver it to the purchasers to whom it had been sold, interviewed each of said purchasers and handed to each a credit memorandum, giving full credit for the amount of the shipment, with the result that each might disclose no indebtedness. In case of one at least of these purchasers, Duffin offered to make delivery of the paper if he would pay cash. It was while he was in Minnesota on this business that he was served with the summons.

The showing was sufficient to sustain a finding of these facts in accordance with plaintiff's contentions.

Defendant claims that, on shipment of the paper, the accounts of the purchasers had been assigned to John E. Babbitt, defendant's treasurer. The bill of lading was issued to Babbitt and the goods were consigned to him. After the garnishment, Babbitt assigned the bill of lading to the Bellows Falls Trust Company. Duffin gave affidavit that he received the bill of lading from the trust company; that the trust com-

pany appointed him its special agent to look after the disposition of the car of paper, and that he was in Minnesota in that capacity when he was served with the summons.

Plaintiff claims that the assignment by defendant to Babbitt was without consideration and a mere device to avoid garnishment of the purchasers in Minnesota, that defendant had adopted such practice in case of shipments into Minnesota ever since it violated its contract with plaintiff, and that payments when made were in all cases immediately turned over by Babbitt to defendant.

Why the bill of lading was assigned to Babbitt and later to the trust company is not satisfactorily explained. \ Babbitt in his correspondence with the purchasers said that the assignment to him was "for reasons with which you may be partially familiar." Plaintiff contends the reason was to forestall attachment of the account in any action plaintiff might bring. Why the trust company gave directions to Duffin to look after the disposition of the paper, when it had all been sold before shipment, is not explained. Why the sales were canceled by the trust company after defendant had been garnished is not explained. Why Duffin, if acting solely for the trust company, gave credit memoranda from Babbitt is not very satisfactorily explained. Why Duffin, if acting only for the trust company in canceling the sales, at the same time negotiated for later delivery of paper by defendant, or for delivery of this same paper for cash, is not explained.

We think the court was warranted in sustaining plaintiff's contention that the assignments to Babbitt and to the trust company were but a device to evade garnishment process and that defendant was at all times the real party in interest and Duffin's real principal.

Summons may be served on a foreign corporation by delivering a copy to any agent within the state. G. S. 1913, § 7735. But as, in the case of an individual, service may be made upon him only when he is present in the state, so, in case of a foreign corporation, in order to obtain jurisdiction by service upon an agent within the state, the authority of the agent and the business in which he is engaged must be of such a character that it may be said that, in his person, the corporation is there present. Philadelphia & Reading Ry. Co. v. McKibbin, 243 U. S. 264, 37

Sup. Ct. 280, 61 L. ed. 710; Hagerty v. National F. & T. Co. 137 Minn. 119, 162 N. W. 1068.

That the agent is merely engaged in soliciting business is not sufficient. Wold v. J. B. Colt Co. 102 Minn. 386, 114 N. W. 243. But it has been held that if, in addition to this, the agent habitually solicits orders for his corporation principal, and the articles ordered are delivered within this state and the agent with authority receives payment within this state, International Harvester Co. v. Kentucky, 234 U. S. 579, 34 Sup. Ct. 944, 58 L. ed. 1479, or makes adjustments here, Premo Specialty Mnfg. Co. v. Jersey-Creme Co. 200 Fed. 352, 118 C. C. A. 458, 43 L.R.A.(N.S.) 1015, this amounts to the doing of business within the state.

On the evidence submitted, the court might find, and we assume did find that Duffin with authority from plaintiff did much more than this, and that the presence of Duffin within the state was the presence of defendant. The order of the trial court sustaining the service is affirmed.