GEORGE ABRAMOVICH v. CONTINENTAL CAN COMPANY, INC.[1]

February 5, 1926.

No. 25,089.

**Foreign corporation not doing business in Minnesota so as to give its courts jurisdiction over it.**
    A foreign corporation which ships goods on orders received by mail from purchasers in this state, and which pays a commission to a resident of this state for procuring orders if they are accepted, but which gives him no authority to accept orders or make contracts, is not doing business in this state in the sense required to give the courts of this state jurisdiction over it.

    Corporations, 14a, C. J. p. 1289 n. 17.

Action in the district court for Ramsey county. Defendant appealed from an order, Boerner, J., denying its motion to quash the attempted service of summons. Reversed.

*Ewing & Bowen,* for appellant.

*George R. T. Hart,* for respondent.

TAYLOR, C.

Defendant is a corporation organized under the laws of the state of New York. Its main office and place of business is in the city of New York, but it also has a branch office and a factory in the city of Chicago, Illinois. Plaintiff is engaged in business in the city of St. Paul, Minnesota. Plaintiff purchased a quantity of goods from defendant which were shipped to him from Chicago. This action is to recover damages for an alleged breach of warranty as to the quality of the goods. The summons and complaint were served upon one E. T. Burt in the city of St. Paul. Defendant appeared specially for the sole purpose of objecting to the jurisdiction of the court and moved to set aside the service of the summons and complaint on the ground that it was a foreign corporation which

[1]Reported in 207 N. W. 201.

had never done business in the state of Minnesota and which had no agents and no property therein. The court denied the motion and defendant appealed.

It appears that Burt is engaged in business in the city of St. Paul on his own account and maintains an office wholly at his own expense; that he solicits orders for the goods of foreign companies on a commission basis; and that defendant was one of the companies for which he solicited orders.

The managing officers of defendant made affidavits to the effect that defendant had no agents and no property in Minnesota, and had never done business therein, except to ship goods to purchasers in Minnesota upon orders received by mail; that Burt was authorized to solicit orders and forward them to defendant for acceptance or rejection, but had no authority to accept such orders or to make any contract on behalf of defendant; that, if an order procured by Burt was accepted, defendant paid him a commission thereon, but made him no other payments of any kind; that, when defendant accepted an order, it shipped the goods from New York or Chicago direct to the purchaser and collected the purchase price itself, and that Burt had nothing to do with the transaction except to obtain the original order and forward it for such action as defendant saw fit to take thereon. Burt made an affidavit to the same effect. Plaintiff made an affidavit to the effect that he contracted with Burt for the purchase of the goods and that Burt said nothing about his lack of authority to contract; that in answer to a letter from plaintiff claiming that the goods were not according to contract, defendant wrote that it had written Burt fully concerning the claim, and that Burt called upon plaintiff thereafter and made a proposition to adjust the matter which was declined.

Defendant presented a second affidavit of Burt denying the statements in plaintiff's affidavit. This affidavit appears to have been rejected by the trial court because not served upon plaintiff, and as the ruling is not urged as error, this affidavit is disregarded.

Plaintiff's affidavit fails to show that defendant was doing business in Minnesota of a character to subject it to the jurisdiction of

the courts of Minnesota. Burt merely had authority to solicit orders and was not an agent upon whom service would constitute due process of law within the meaning of the Federal Constitution. Prior decisions of this court and of the Federal courts settle this question so thoroughly that further discussion is unnecessary. Wold v. J. B. Colt Co. 102 Minn. 386, 114 N. W. 243; North Wis. C. Co. v. Oregon S. L. R. Co. 105 Minn. 198, 117 N. W. 391; Kendall v. Orange J. Co. 118 Minn. 1, 136 N. W. 291; Nienhauser v. Robertson P. Co. 146 Minn. 244, 178 N. W. 504; Louis F. Dow Co. v. First Nat. Bank, 153 Minn. 19, 189 N. W. 653; Minnesota Com. Men's Assn. v. Benn, 261 U. S. 140, 43 Sup. Ct. 293, 67 L. ed. 573, and cases there cited; Carpenter v. Willard Case Lbr. Co. (C. C. A.) 158 F. 697; Doe v. Springfield Boiler & Mnfg. Co. 104 F. 684, 44 C. C. A. 128. In Minnesota Com. Men's Assn. v. Benn, supra, the United States Supreme Court reversed the ruling of this court as to what constituted doing business by a corporation in a foreign state. The service on Burt gave the court no jurisdiction over defendant and the order appealed from is reversed.