John HILMES, Plaintiff,

v.

MARLIN FIREARMS COMPANY, Defendant.

Civ. No. 5232.

United States District Court
D. Minnesota, Fourth Division.

Nov. 25, 1955.

Jerome M. Daly, St. Paul, Minn., appeared in behalf of plaintiff in opposition thereto.

John J. Sexton and Robert J. Tyrrell, St. Paul, Minn., appeared in behalf of defendant in support of said motion.

NORDBYE, Chief Judge.

This is a personal injury action for injuries sustained by plaintiff when a 12 gauge shotgun manufactured by defendant backfired while he was using it. The shotgun was an old model which had been owned by several parties before coming into plaintiff's possession. Where it was first sold and to whom does not appear.

The Marlin Firearms Company is not a corporation qualified to do business in Minnesota. It is a Connecticut corporation which maintains no office or listing in this State. Process was served upon one Charles E. Eggers, a member with one Tom Raymond of a partnership d. b. a. Tom Raymond Sporting Goods, with offices in Minneapolis, Minnesota, and Chicago, Illinois. This partnership is engaged in the business of soliciting orders from wholesale distributors for the products of twelve or so manufacturers of various types of sporting goods, and for the past six years has obtained orders for Marlin in the State of Minnesota aggregating between $75,000 and $125,000. These orders are taken on the purchaser's order form or on a form supplied by the partnership, not by Marlin, and are subject to acceptance by Marlin at its New York office, and, if accepted, the goods then are shipped by Marlin f. o. b. New Haven, Connecticut, directly to the purchaser placing the order. The purchase price is paid to Marlin directly by the purchaser. Marlin maintains no office, no stock of goods or warehouse in Minnesota, and is not listed in any telephone directory with an office location in this State. It makes no adjustments of complaints, services no guns, and accepts no orders or payments therefor within Minnesota. It pays the partnership a fixed commission on each order it accepts and fills and nothing more. The commission is paid to the partnership without deduction for social security, withholding taxes, or any other item. The partnership hires, pays and discharges those employed by it in its own discretion. It retains full and exclusive control of its own employees and Marlin has no control over its conduct of the partnership business, including the solicitation by it of orders for Marlin's products. The partnership is not authorized to, and does not, extend credit, handle or make adjustments, service guns, make collections or bind Marlin in any way. Its sole function is to solicit orders and forward them to Marlin for acceptance or other disposition, and any and all expenses incurred in obtaining the orders are assumed and paid by the partnership without reimbursement by Marlin.

The facts in this case present the issue of whether a foreign corporation is amenable to suit in Minnesota because of mere solicitation of orders for it by an independent partnership which also solicits orders for numerous other manufacturers, where the solicitation has been regular and has resulted in a continuous flow of the corporation's products into the State over a period of years and where the action is based upon an alleged defect in a gun manufactured by the corporation but which had been owned by several parties before coming into the plaintiff's possession.

Since Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, it would seem that where jurisdiction in a case is based solely upon diversity of citizenship, the power of the federal district court to entertain the case is dependent upon whether the case could have been brought in the state court of the state in which the federal district court is located. As the court stated in Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193, 194,

"There are two parts to the question whether a foreign corporation can be held subject to suit within a state. The first is a question of state law: has the state provided for bringing the foreign corporation into its courts under the circumstances of the case presented? There is nothing to compel a state to exercise jurisdiction over a foreign corporation unless it chooses to do so, and the extent to which it so

chooses is a matter for the law of the state as made by its legislature. If the state has purported to exercise jurisdiction over the foreign corporation, then the question may arise whether such attempt violates the due process clause or the interstate commerce clause of the federal constitution. * * * This is a federal question and, of course, the state authorities are not controlling. But it is a question which is not reached for decision until it is found that the State statute is broad enough to assert jurisdiction over the defendant in a particular situation."

This language was quoted with approval in Rosenthal v. Frankfort Distillers Corp., 5 Cir., 193 F.2d 137, and has been followed by many courts. Partin v. Michaels Art Bronze Corp., 3 Cir., 202 F.2d 541; Schmidt v. Esquire Inc., 7 Cir., 210 F.2d 908.

An examination of the Minnesota cases reveals that in none of them has the court indicated that mere solicitation of orders by a solicitor completely independent of the foreign corporation, and who also solicits orders for numerous other manufacturers, is sufficient activity on the foreign corporation's part to make it amenable to suit in Minnesota. In Abramovich v. Continental Can Co., 166 Minn. 151, 207 N.W. 201, which is a case in which the solicitor was engaged in his own business, maintaining an office in St. Paul at his own expense, and soliciting orders for foreign corporations, one of which was the Continental Can Co., the headnote summarizes the holding thusly,

"A foreign corporation which ships goods on orders received by mail from purchasers in this state, and which pays a commission to a resident of this state for procuring orders if they are accepted, but which gives him no authority to accept orders or make contracts, is not doing business in this state in the sense required to give the courts of this state jurisdiction over it."

This principle enunciated in the Abramovich case has never been overruled. The next case of importance was Dahl v. Collette, 202 Minn. 544, 279 N.W. 561. The facts in that case are materially different from those of the present case inasmuch as there the solicitor represented the defendant as its traveling salesman and he was paid a salary and expenses. He also performed other duties for the corporation aside from solicitation of orders. Here again the court made the general statement, at page 550 of 202 Minn., at page 566 of 279 N.W.:

"Courts are agreed that solicitation, if the only evidence of the visitation of a foreign corporation, will not warrant a finding that the corporation is doing business so as to be subject to process."

The latest discussion of the question is found in Schilling v. Roux Distributing Co., 1953, 240 Minn. 71, 59 N.W.2d 907. The fact situation in that case is also materially different from that in the present case. There the district manager of the corporation for an eight-state area resided in Minneapolis. He was paid a salary plus his expenses by the corporation. The facts show that many activities on behalf of the corporation were carried on in Minnesota. The court stated, at page 86 of 240 Minn., at page 915 of 59 N.W.2d:

"* * * Whether solicitation alone is now enough, if conducted systematically and continuously, we need not determine."

It is this Court's view that, under Minnesota law, Marlin cannot be brought into the courts of this State under the undisputed facts herein. It is unnecessary, therefore, for this Court to take the second step and determine whether federal due process has been satisfied under the test set out in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. It is also unnecessary for the Court to determine whether Charles E. Eggers was an agent of defendant upon whom

sufficient process could be. served to give the Court jurisdiction over Marlin.

It follows from the foregoing that defendant's motion to dismiss must be granted. It is so ordered. An exception is allowed.